Robert L. ROGGER, Sondra Rogger,
and Tosha Rogger,
Plaintiffs–Respondents,

v.

Leonard A. VOYLES and Jane Lowe,
Defendants–Appellants.

No. 16637.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 27, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Oct. 12, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Connie J. Clark, Kevin C. Shelton (appearing under Supreme Court Rule 13), Osage Beach, for plaintiffs-respondents.

Ronald R. McMillin, Carson & Coil, P.C., Jefferson City, for defendants-appellants.

PREWITT, Judge.

Plaintiffs sought damages as a result of personal injuries to plaintiff Tosha Rogger. Following nonjury trial, judgment was entered in favor of plaintiff Tosha Rogger and against defendants for $373,219 and in favor of plaintiffs Robert L. Rogger and Sandra Rogger and against defendants for $16,478. Defendants appeal.[1]

Before considering the merits of this matter, we are met with two motions filed by plaintiffs, a motion to dismiss the appeal for failure to comply with Rule 84.04 and a motion to strike "surplus pleadings" in the legal file. Both were taken with the case. Although there may be some violations of Rule 84.04, they are not serious enough to justify the drastic remedy of dismissing the appeal. The motion to dismiss the appeal is denied.

Plaintiffs' motion to strike refers to certain pleadings, irrelevant to the issues presented, being included in the legal file. It also notes that documents relating to Judge Franklin's appointment as circuit judge and later as associate circuit judge are included in the legal file just before the circuit clerk's certification but the clerk does not certify that they were part of the circuit court file. We are not asked to take any action with regard to the latter documents. Those documents should not have been included in the legal file, although the facts shown thereon are agreed to by the parties.

At the time the legal file is prepared, an appellant may not know the full extent of the legal issues to be presented and the documents necessary to present those issues. It is not unusual that the legal file contains pleadings not relevant to the issues presented. However, plaintiff is technically correct that these pleadings are irrelevant to any issues presented. See Rule 81.12(b). The motion to strike is therefore sustained.

Defendants, in their brief, raise three points relied on. We discuss them in the order raised. Defendants assert in their first point that the trial court erred in overruling their motion for dismissal after plaintiffs' counsel's opening statement and in denying defendants' motion for judgment at the close of plaintiffs evidence and at the close of all the evidence. Defendants contend plaintiffs "neither pleaded nor proved an actionable case of negligent supervision of an underaged driver by entrusting her with a motor vehicle in that they made no allegations nor offered any evidence that the underage driver's incompetency in the operation of the motor vehicle was the proximate cause of her harm or that appellants knew or should have known of brake problems so as to make her injuries foreseeable under the circumstances."

In construing plaintiffs' petition to determine if they plead a claim for which relief can be granted on negligent supervision, and if there was evidence to support it, certain principles are applicable. To determine if a pleading states a cause of action, the petition is taken as true and every favorable inference which may be reasonably drawn from the facts pleaded is considered in favor of plaintiff. *Cuba's United Ready Mix v. Bock Concrete*, 785 S.W.2d 649, 650 (Mo.App.1990).

---

1. Although there could be distinguishing features, defendants treat the liability of defendant Leonard Voyles and Jane Lowe as the same and in one combined brief raise common questions regarding that liability.

■ A motion for judgment at the close of the evidence, like a motion for a directed verdict, is a drastic action which should be sustained only when plaintiffs fail to show sufficient evidence from which the trier of facts could find for them. In determining if a submissible case was made, the evidence and reasonable inferences thereof are viewed most favorable to the plaintiffs. See *Mercer v. Thornton,* 646 S.W.2d 375, 376 (Mo.App.1983); *Ogle v. Webb,* 623 S.W.2d 582, 583–584 (Mo.App.1981); *Wilson v. Missouri–Kansas–Texas R. Co.,* 595 S.W.2d 41, 44 (Mo.App.1980).

The principal facts are not in dispute. On September 30, 1981, Tosha Rogger, age 13, was visiting her maternal grandfather, defendant Leonard A. Voyles, on his farm in Camden County. Jane Lowe resided there with him. On that date, with both defendants' permission and knowledge, Tosha had been driving alone, off and on for approximately six-and-one-half hours, a 1971 Jeepster motor vehicle. She noticed that its brakes had not been operating properly. While operating the vehicle alone on a gravel road which went through the farm, she lost control of it, and it struck a ravine. She suffered serious personal injuries when her face hit the steering wheel. She testified that she lost control because the brakes did not work. Previous to that date, she had not driven a full-sized motor vehicle. She had driven a "go kart" on the farm when she was six or seven.

Plaintiffs' petition alleged defendants were negligent in several respects in allowing Tosha Rogger to drive while under their supervision, including that she had no previous driving experience, and that they failed to give her sufficient directions on how to properly and safely operate it. The petition stated that as a direct and proximate result of that negligence she was injured. As plaintiffs contend, it is a reasonable inference from the matters alleged that Tosha's lack of driving experience and direction was the proximate cause of her injuries. Cf. *Golden v. National Utilities Co.,* 356 Mo. 84, 201 S.W.2d 292, 298 (1947).

■ Three elements must exist for a case of actionable negligence: (1) a duty owed by defendant to protect plaintiff from the injury complained, (2) a failure to perform that duty, and (3) injury proximately caused by that failure. *Lavo v. Medlin,* 705 S.W.2d 562, 564 (Mo.App.1986). "The concept of duty depends upon the issue of reasonable foreseeability." *Id.*

Defendants cite cases regarding "negligent entrustment" for the proposition that Tosha's injuries must have been proximately caused by her incompetency in the operation of the vehicle. The elements for a "negligent entrustment" case are set forth in *Evans v. Allen Auto Rental and Truck Leasing, Inc.,* 555 S.W.2d 325, 326 (Mo. banc 1977), and *Ransom v. Adams Dairy Co.,* 684 S.W.2d 915, 920 n. 5 (Mo.App. 1985).

The cases regarding negligent entrustment are situations where a third party was injured by the minor's negligence, not for injuries to the minor. Thus, we do not consider them persuasive or relevant except as they might state certain general principles of tort law such as proximate cause.

■ Defendants had a duty to exercise reasonable or ordinary care in the supervision of Tosha. *Swain v. Simon,* 699 S.W.2d 769, 773 (Mo.App.1985). Ordinary care may require more vigilance and caution when a child is involved if there is a potentially dangerous situation of which a supervisor is or should be aware. *Id.*

Defendants rely upon *Swain,* and although we agree with the general principles cited above, we are not fully in agreement with certain statements made in the case. It states that "[t]he breach of that duty, however, involves whether a reasonable person could have foreseen that the injuries of the type suffered would likely occur under the circumstances. [*Smith v.*] *Archbishop of St. Louis,* supra, [632 S.W.2d 516 (Mo.App.1982)] at 521." *Swain* at 773–774. "Likely" and "probably" are synonymous. *General Adjust-*

*ment Bureau, Inc. v. General Ins. Adjust Co.*, 381 F.2d 991, 993 (10th Cir.1967); *People v. Randall*, 711 P.2d 689, 692 (Colo. 1985); *Yeske v. Avon Old Farms School, Inc.*, 1 Conn.App. 195, 470 A.2d 705, 710 (1984).

■ We do not agree that foreseeability requires that an incident of this type "would likely occur", it is enough that a reasonable person would recognize that it could or might occur and that steps should be taken to prevent it. "[F]oreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful person would take account of it in guiding practical conduct." 3 Harper, James and Gray, The Law of Torts, § 18.2 at 657–659 (2d ed. 1986).

"The reasonable anticipation of danger is an essential element of actionable negligence; and whether negligence exists in a particular situation depends on whether or not a reasonably prudent person would have anticipated danger and provided against it." *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976). See also Prosser and Keeton on the Law of Torts 170–171 (5th ed. 1984); *Smith v. Tennessee Valley Authority*, 699 F.2d 1043, 1045 (11th Cir. 1983); *Schnyder v. Empire Metals*, 136 Ariz. 428, 666 P.2d 528, 530 (App.1983); *Bigbee v. Pacific Telephone and Telegraph Co.*, 34 Cal.3d 49, 192 Cal.Rptr. 857, 862, 665 P.2d 947, 952 (1983); *Gulf Refining Co. v. Williams*, 183 Miss. 723, 185 So. 234, 236 (1938). The latter states:

> [I]n order to bring the rule of liability into operation, it is not necessary that the chances that a damage will result shall be greater than the chances that no damage will occur. The test as respects foreseeability is not the balance of probabilities, but the existence, in the situation in hand, of some real likelihood of some damage and the likelihood is of such appreciable weight and moment as to induce, or which reasonably should induce, action to avoid it on the part of a person of a reasonably prudent mind."

■ It is foreseeable that a minor who has never operated a full-size motor vehicle, but does so without direction or supervision, might lose control of it and suffer serious injuries. It is certainly possible, if not even "likely".

It is also more probable that an inexperienced operator such as Tosha might have that happen to her than to a more experienced operator. Although an experienced driver might lose control of a vehicle, it is far more likely to happen to one inexperienced and untutored in the operation of a motor vehicle.

That problems with the brakes may have caused or contributed to the collision, does not mean that defendants were not negligent. The trial court found that defendants were experienced with the vehicle Tosha was driving and the terrain of the farm and that defendants did not "exercise reasonable or ordinary care in taking care of Tosha". Although no specific finding was made as to how they were negligent, the trial court would have been justified in finding that defendants did not, as alleged in the petition, give Tosha sufficient direction on how to properly operate the vehicle or warn her of the dangers of the loose gravel roadway or were negligent in allowing her to operate the vehicle alone.

Under the circumstances, these would have been prudent things to do. Had defendants limited the area in which Tosha was driving to level terrain or prevented her from going on a roadway, then the collision might not have occurred. Had one or more of them been in the vehicle with her they might have so confined her or kept her at a speed where the brakes might not have been necessary to prevent the collision. There was sufficient evidence for the trier of fact to find that there was negligent supervision of Tosha, that her injuries were foreseeable, and that her incompetency in operating the motor vehicle was the cause of the collision and her resulting injuries. This point is denied.

For their second point defendants contend that the trial judge "erred in finding

that as a matter of law an underage driver without prior driving experience cannot be contributorily negligent". Although the trial court did find that she was not at fault, we are unable to find the determination by the trial court as complained of either at the page citations where defendants say this occurred, or elsewhere. The premise upon which this point is based did not occur. Therefore, it necessarily has no merit and is denied.

■ Defendants' remaining point states in full: "The trial court's judgment is null and void because it had no authority to render a verdict in that an associate circuit court judge has no jurisdiction to render judgment in a case heard by a circuit judge whose term expired with the case still under advisement."

The trial of this case before Judge Franklin took place on October 31, 1988. At the conclusion of the evidence, Judge Franklin took the case under advisement. At that time, he was a circuit judge. The term for which he was appointed expired December 31, 1988 and he was not a candidate to retain that office. On December 19, 1988, Judge Franklin was appointed as an associate circuit judge for the 26th Judicial Circuit for a term beginning December 30, 1988. When he actually took office is not clear. Apparently he had done so by January 11, 1989, because on that date he was transferred pursuant to § 478.240, RSMo Supp.1988 by the presiding judge of the 26th Judicial Circuit "for the purposes of hearing and determining" matters previously before him as a circuit judge specifically including this matter.

Defendants contend that because Judge Franklin left his position as circuit judge, any further action by him was a nullity because one judge cannot hear the testimony and another enter judgment without agreement of the parties.

Rule 79.01 is not applicable because before he left the position of circuit judge, Judge Franklin made no findings of fact. It is set forth below.[2] Section 478.240, RSMo Supp.1988, authorized the transfer here. The principle which prevents a successor judge from renewing a decision or judgment upon testimony heard by his predecessor without agreement of the parties is because the judge would be required to weigh and compare oral testimony of witnesses without having had an opportunity to hear and observe those witnesses. *Smith v. Smith*, 558 S.W.2d 785, 790 (Mo. App.1977). Here, of course, that did not occur. Judge Franklin heard the testimony, he was properly assigned to proceed further in this matter, and had authority under that assignment to enter judgment. This point is denied.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.

2. Rule 79.01 states: If by reason of his going out of office, death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.