**Derrick BRIDGETT,
Plaintiff/Respondent,**

v.

**ORKIN EXTERMINATING COMPANY,
INC., Defendant/Appellant.**

**No. 60156.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 11, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1992.

Application to Transfer Denied
April 21, 1992.

Hinshaw & Culbertson, David T. Butsch, St. Louis, for defendant/appellant.

Douglas B. Salsbury, Paul Brown Building, St. Louis, for plaintiff/respondent.

KAROHL, Judge.

Orkin Exterminating Company, Inc. appeals judgment in favor of Derrick Bridgett in the amount of $10,000. Bridgett sued Orkin for negligence for allowing the escape of "Gangster" his Rottweiller dog. Orkin's points raise issues as to duty, causation and damages. While the damage issue may have merit, the issues of duty and causation are decisive. We reverse.

The operative facts are brief and undisputed. Orkin contracted with Bridgett for exterminating services to the Bridgett residence. A perimeter fence surrounded the backyard. On June 13, 1990, an Orkin employee requested Bridgett to put Gangster into a fenced run located in the backyard. Bridgett observed the employee pulling a hose through an open gate of the perimeter fence. When he finished spraying, the employee rang the front door bell and obtained payment from Bridgett. The employee left. Bridgett let Gangster out of the run without checking to see if the perimeter gate was closed. Gangster escaped and never returned.

The first issue presented by Bridgett is whether the Orkin employee has an absolute duty to leave the property as he found it, excepting the contracted services, in regard to a patently obvious condition, a fence gate. Specifically, whether the employee has a duty to close a gate he opened to a perimeter fence which surrounds a backyard wherein a dog is penned up in a run because it was closed when he arrived.

█ Liability in negligence is predicated on duty, breach, proximate cause and damage. *Rogger v. Voyles,* 797 S.W.2d 844, 846 (Mo.App.1990). Whether a duty exists in any given factual situation is a question of law. *Hyde v. City of Columbia,* 637 S.W.2d 251, 257 (Mo.App.1982), *cert. denied* 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983). "The duty imposed by the law of negligence arises out of the surrounding circumstances and is based on the foreseeability or reasonable anticipation that harm or injury is a likely result of the defendant's acts or omissions."

*McKim v. Sears Rodeo Assoc., Inc.*, 789 S.W.2d 217, 220 (Mo.App.1990).

> The test as respects foreseeability is not the balance of probabilities, but the existence, in the situation in hand, of some real likelihood of some damage and the likelihood is of such appreciable weight and moment as to induce, or which reasonably should induce, action to avoid it on the part of a person of a reasonably prudent mind. *Rogger*, 797 S.W.2d at 847 (citation omitted).

In order to succeed on a cause of action based on the negligence of the employee in failing to act (i.e. close the gate), Bridgett must prove the employee knew or should have known failure to close the gate was likely to result in the escape of Gangster. *See Byers v. Spaulding*, 725 S.W.2d 893, 895 (Mo.App.1987).

Applying these principles we find: (1) the employee has no absolute duty to close the gate and thereby leave the property as he found it; (2) it was technically not possible for the employee to reproduce the conditions as he found them when both the gate and the dog are considered together and (3) Bridgett's actions were the direct and proximate cause of the escape and loss of Gangster.

■ Bridgett cites no authority for his proposition that the employee had an absolute duty to leave the property as he found it. Our research revealed no American jurisdiction has adopted such rule. We decline to adopt such a per se rule. We will determine whether a duty exists on a case by case basis applying the test of foreseeability. Moreover, we observe it was impossible for the employee to leave the conditions as he found them in relation to Bridgett's dog. The dog was at large in the yard when the employee arrived but was penned in a dog run when he left. On these facts we hold there was no duty as a matter of law.

■ Bridgett's claim also fails for a second reason. His actions in allowing the dog to run free in the yard without checking the fence gate was an intervening proximate cause of the escape. If the employee had a duty to close the gate, Bridgett had a duty to check the condition of the gate. Gangster was secured in the run when the employee left the premises. Bridgett was aware Orkin's employee opened the gate. He released Gangster from the run without checking to determine whether the gate to the perimeter fence was closed. His failure was the direct and proximate cause of the escape and loss. Bridgett had actual knowledge the employee opened the gate, a potential danger. He then freed the dog from the dog run. The employee's failure to close the gate was a circumstance of the accident and not its proximate cause. *See Horton v. Swift & Co.*, 415 S.W.2d 801, 803 (Mo.1967).

Judgment is reversed.

SMITH, P.J., and AHRENS, J., concur.