v.

**STATE of Missouri, Respondent.**

**No. 64549.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1994.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

*ORDER*

**A.R.H., Plaintiff/Appellant,**

v.

**W.H.S., Defendant,**

and

**Y.L.S., Defendant/Respondent.**

**No. 63962.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 29, 1994.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 28, 1994.

Application to Transfer Denied
June 21, 1994.

Laurence D. Mass, Clayton, for appellant.

James Parker Lemonds, St. Louis, for respondent.

CRAHAN, Judge.

A.R.H.[1] ("Plaintiff") appeals the trial court's order granting judgment on the pleadings in favor of Defendant, Y.L.S. ("Grandmother"), on her claim for damages based on Grandmother's alleged negligent supervision. Plaintiff alleged that she was sexually molested by Grandmother's husband, W.H.S. ("Step-grandfather"), at various times when she had been entrusted as a minor to Grandmother's custody and care and when Grandmother knew or had reason to know of Step-grandfather's conduct. Summary judgment was granted on the ground that Grandmother owed no legal duty to Plaintiff to protect Plaintiff from sexual abuse by her husband or to warn others of the abuse so that they could protect Plaintiff.[2] We reverse and remand for further proceedings.

■ The trial court granted Grandmother's motion for summary judgment solely on the pleadings. Summary judgment may rest upon pleadings alone. *Pennell v. Polen,* 611 S.W.2d 323, 323 (Mo.App.1980). However, when unsupported by evidentiary material, defendant's motion for summary judgment becomes in effect a motion for judgment on the pleadings, similar to a motion to dismiss. *Bakewell v. Mo. State Employees' Retirement,* 668 S.W.2d 224, 228 (Mo.App.1984). A trial court can properly grant a motion for judgment on the pleadings only if the facts pleaded by the petitioners, together with the benefit of all reasonable inferences drawn therefrom, show that petitioners could not prevail under any legal theory. *Id.*

---

1. On the court's own motion, the parties' initials have been utilized in the caption and body of the opinion to avoid unnecessary embarrassment.

2. Plaintiff's petition contains two counts against Step-grandfather and two counts against Grandmother. All claims against Step-grandfather

have been placed on the inactive docket pending resolution of this appeal. The trial court found that there was no just reason for delay in entering the judgment and certified judgment as final for purposes of appeal pursuant to Rule 74.01.

The petition alleges that Plaintiff's mother frequently entrusted Plaintiff to the care of her Grandmother and Step-grandfather and that from the time that she was eight years of age she and her sisters spent almost every weekend and most of each Christmas and summer vacation at Grandmother and Step-grandfather's home. When Plaintiff was eight years of age, she and her two older sisters told Grandmother that Step-grandfather had been sexually abusing them. Grandmother told them she "would take care of this" and that they should not tell their mother for fear that she would have a nervous breakdown. On at least two other occasions Plaintiff and her two older sisters told Grandmother of Step-grandfather's abuse. Grandmother again said she "would take care of it" and told them that they should not tell their mother. The acts of abuse continued from the time Plaintiff and her sisters first told Grandmother until Step-grandfather was prosecuted, when Plaintiff was about thirteen years of age. Step-grandfather was ultimately convicted of abuse.

■ On appeal, Plaintiff maintains that the foregoing allegations are sufficient to maintain a cause of action against Grandmother on a theory of "negligent supervision." Missouri courts have recognized such a cause of action in various settings. *See, e.g., Rogger v. Voyles*, 797 S.W.2d 844 (Mo. App.1990) (grandparents); *Smith v. Archbishop of St. Louis*, 632 S.W.2d 516 (Mo.App. 1982) (schoolteacher); *Swain v. Simon*, 699 S.W.2d 769 (Mo.App.1985) (baby sitter). The duty to supervise is a narrow one and breach of such duty turns upon whether a reasonable person would recognize that an incident of the type alleged could occur and that steps should be taken to prevent it. *Rogger*, 797 S.W.2d at 846–47. However, the exercise of ordinary care may require more vigilance and caution when a child is involved if there is a potentially dangerous condition of which the supervisor is or should be aware. *Id.*

■ Plaintiff's petition alleges that Grandmother breached her duty to Plaintiff in the following respects: (1) Grandmother failed to prevent Step-grandfather from continuing the abuse and threats; (2) Grandmother failed to warn others who could prevent Step-grandfather from continuing the abuse and threats; (3) Grandmother failed to make sure that Plaintiff was not left alone in her home with Step-grandfather whereby he could continue to abuse and threaten Plaintiff; and (4) Grandmother failed in all other regards to protect Plaintiff from the abuse and threats of Step-grandfather.

Grandmother seeks to distinguish the foregoing cases recognizing a cause of action for negligent supervision on the ground that they involve situations where the defendant had the exclusive power to control the harm. Grandmother submits that she had no power or right to control the actions of Step-grandfather. Further, Grandmother maintains that to impose a duty upon her to take any of the actions to prevent the harm alleged in the petition would subject her to conflicting duties to her husband and the marital relationship on the one hand and to her grandchild on the other. Thus, Grandmother asserts that the imposition of a duty to protect Plaintiff under the circumstances alleged should be rejected on policy grounds.

We cannot agree that the cases recognizing a cause of action for negligent supervision can be fairly characterized as turning on the supervisor's control over the instrumentality that caused the harm. Rather, it is the obligation and ability to supervise and control *the child*, not the instrumentality that caused the harm, that is the decisive factor. Thus, in *Smith v. Archbishop of St. Louis, supra*, it was the schoolteacher's failure to control and supervise her pupils to prevent them from coming into contact with a lighted candle, not the failure to extinguish the candle, that formed the basis of liability. 632 S.W.2d at 522. Likewise, in *Rogger v. Voyles, supra*, grandparents' failure to supervise their 13 year old grandchild whom they allowed to drive a truck around their farm was found to be a proper basis for liability, regardless of whether defective brakes on the vehicle were a contributing cause of the accident. 797 S.W.2d at 847. Conversely, in *Swain v. Simon, supra*, where a babysitter accompanied a child as they petted an apparently friendly dog, the court upheld a directed verdict in the absence of any evidence that the dog's sudden and unanticipated at-

tack on the child was foreseeable and could have been prevented by closer supervision. 699 S.W.2d at 773–74.

Grandmother urges, however, that unlike the situations at issue in *Smith, Rogger* and *Swain,* to impose a duty upon her under the facts alleged by Plaintiff would effectively hold her liable for the occurrence of conduct she did not have the exclusive power to control. Further, Grandmother maintains, the actions Plaintiff contends she should have taken would essentially force her to elect between two inconsistent duties—*i.e.,* her duty to Granddaughter and her duty to her husband.

In support of this contention, Grandmother draws our attention to *Rozycki v. Peley,* 199 N.J.Super. 571, 489 A.2d 1272 (1984), in which the court held that a wife had no duty to warn neighborhood boys of her husband's pedophilia. As support for this holding, the court observed that to require a wife to report her husband's misconduct to others would violate the public policy of encouraging and fostering the marital relationship. Citing the rationale underlying the long-established spousal privilege, other statutory protections for confidential communications between spouses, and case law recognizing the spouses' duties of loyalty, companionship and society, the court found that to require one spouse to inform on the other would "strike at the very heart of this obligation of loyalty." 489 A.2d at 1276. Thus, the court reasoned, imposing a duty to warn others of a spouse's dangerous propensities would put the spouse "in the untenable position of either remaining silent out of a sense of loyalty or protection and thereby incurring civil liability, or warning the neighbors (or whatever third party may be involved) and incurring [her] spouse's anger, disappointment or shame." *Id. See also N.W. by J.W. v. Anderson,* 478 N.W.2d 542 (Minn.App.1991) (landlords had no duty to warn tenants that another tenant was a child molester); *Apple v. Tracy,* 34 Mass.App.Ct. 560, 613 N.E.2d 928 (1993) (homeowner had no duty to warn

sexual assault victim of houseguest's dangerous propensities of which he was aware.)

To the extent that Plaintiff is seeking to impose liability on the basis of Grandmother's failure to control Step-grandfather or to warn others of his behavior,[3] the policy considerations articulated in *Rozycki* might well support dismissal due to an irreconcilable conflict of duties. In the present posture of this case, however, the issue is not whether any of the theories advanced may not be viable; the issue is whether, giving Plaintiff the benefit of all reasonable inferences from the facts alleged in the petition, Plaintiff could prevail under any legal theory. *White v. Mulvania,* 575 S.W.2d 184, 188 (Mo. banc 1978).

Based on the facts alleged in the petition, it is by no means clear the only alternatives available to Grandmother to protect Plaintiff from Step-grandfather's abuse would have necessitated an attempt to control Step-grandfather's conduct or informing others of his conduct. It is at least a reasonable inference from the facts alleged in the petition that Grandmother could have prevented further abuse either by taking steps to ensure that Plaintiff remained with her or within her view at all times when she was in her custody or by declining to accept custody and supervision of the children in her home. Neither of these alternatives would require Grandmother to compromise her duty of loyalty to her husband. Thus, at least at this stage of the proceedings, we cannot say that allowing Plaintiff to go forward with her cause of action for negligent supervision would necessarily subject Grandmother to conflicting duties which would justify barring the action on the basis of the policy concerns expressed in *Rozycki.*

Moreover, in this case, unlike *Rozycki* and the other cases cited by Grandmother, we are not dealing with the duty a spouse may owe to strangers. Rather, what is put in issue by the petition is the duty a spouse may

---

**3.** Under the facts alleged in the petition, Grandmother's conduct arguably went beyond a mere failure to inform others in that Grandmother is alleged to have specifically counseled the children not to inform their mother. However,

Plaintiff has not pursued this potential distinction in this court and, in view of our disposition, it is unnecessary to address the possible ramifications of such a distinction in this opinion.

owe to a minor entrusted to her care, custody and supervision.

The question of duty presents an issue of law and when a court resolves a question of duty it is essentially making a policy determination. *Bunker v. Ass'n of Mo. Elec. Co-op.*, 839 S.W.2d 608, 611 (Mo.App.1992). The common denominator that must be present is the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care. *Id.* *Rogger, Smith* and *Swain* establish that acceptance of the custody and control of a minor child creates a relationship sufficient to support a duty of care. Whether that duty has been breached depends upon whether a reasonable person would recognize that an incident of the type alleged might occur and that steps should be taken to prevent it. *Rogger*, 797 S.W.2d at 846–47.

Upon proof of the facts alleged in the petition, a jury could find that a reasonable person would have recognized that a child who had been sexually abused by her Stepgrandfather might be abused again if steps were not taken to prevent it. Although public policy might foreclose imposition of liability for failure to take steps which would jeopardize or threaten the marital relationship, that consideration cannot serve to deprive Plaintiff of her opportunity to prove that Grandmother could have taken steps which would have posed no such threat.

We hold that the petition pleads facts sufficient to state a cause of action for negligent supervision and that it was error of the trial court to render judgment on the pleadings. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

CRANE, P.J., and KAROHL, J., concur.