**G.E.T., by and through his Next Friend, T.T., T.T. and G.T., Appellants,**

v.

**Valerie BARRON, Respondent.**

No. ED 75679.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 26, 1999.

Paul T. Krispin, Jr., Clayton, for appellant.

William J. Magrath, St. Louis, for respondent.

CLIFFORD H. AHRENS, Judge.

Plaintiffs, T.T. and G.T., individually and on behalf of their minor son, G.E.T., appeal from summary judgment entered against them and in favor of defendant, Valerie Barron. Plaintiffs alleged defendant child-care provider negligently supervised G.E.T. which caused him to be sexually molested by defendant's teen-aged son, Michael Barron. The sole issue on appeal is whether there is a genuine issue that the injuries suffered by G.E.T. were reasonably foreseeable such that defendant should have taken steps to prevent them. We believe a genuine issue exists. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings.

Viewed in a light most favorable to plaintiffs as non-movants, the record reveals the following summary judgment facts. From 1989 to 1993, plaintiffs engaged the services of defendant to provide child care for their minor son, G.E.T. Defendant operated a child-care facility in her home and cared for up to four children at one time. Defendant's teen-aged son, Michael, was sometimes present while she was providing child care for G.E.T. and other children, although defendant never delegated any responsibility for the care of such children to her son.

On two occasions, Michael physically assaulted G.E.T. On the first occasion, the date of which is unknown, G.E.T. was playing near the stairs in defendant's house when Michael grabbed his arm, causing it to bruise. When G.E.T. recounted this incident to his mother, she assumed the bruise innocently resulted from Michael's attempt to prevent G.E.T. from falling down the stairs. Neither G.E.T. nor his mother informed defendant of this incident, nor did defendant ever notice any bruises on G.E.T.'s arm. The second incident, which occurred in 1991 or 1992, involved a superficial injury to G.E.T.'s neck while he was wrestling with Michael. The injury occurred when Michael grabbed G.E.T. by the neck and pinned him against the wall, allegedly causing his neck to bruise. G.E.T. informed defendant of this incident, though she never noticed any bruises on his neck. G.E.T.'s mother also brought the matter to defendant's attention and temporarily withdrew G.E.T. from her care.

Between September 1, 1992 and September 1, 1993, Michael sexually molested G.E.T. while he was in defendant's care. This abuse allegedly occurred on a daily basis, often while defendant was in the same room. Michael eventually pleaded

guilty to charges of sexual assault. Defendant had no knowledge of such molestation or allegations thereof until 1996, when she was questioned by a police detective who was investigating the matter.

In 1998, plaintiffs filed suit against defendant alleging negligent supervision (Counts I & II) and negligence per se for violation of state and local child care licensing requirements (Counts III & IV). Defendant filed a motion for summary judgment on all counts of plaintiff's petition, which the trial court granted. Plaintiffs appeal only as to Counts I and II.

The standard of review on appeal from summary judgments is "essentially *de novo;*" therefore this court need not defer to the trial court's order of summary judgment. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993); *Toumayan v. State Farm Gen. Ins. Co.,* 970 S.W.2d 822, 824 (Mo.App.1998). Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(3). As the defending party, defendant may establish a right to summary judgment by showing one of the following: (1) facts that negate any one of the elements of plaintiff's cause of action; (2) that plaintiffs, after an adequate period of discovery, have not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the elements of their cause of action; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *ITT Commercial Fin. Corp.,* 854 S.W.2d at 381. Once defendant meets this burden, plaintiffs may avoid summary judgment only by a specific showing—via affidavit, depositions, answers to interrogatories, or admissions on file—that one or more material facts are in genuine dispute. *Id.*

■ Negligent supervision is a variant of the common law tort of negligence. To make out a prima facie case, a plaintiff must plead and prove: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property. *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc.,* 700 S.W.2d 426, 431 (Mo. banc 1985).

■ In the case at bar, defendant does not dispute she owed a duty to plaintiffs to protect G.E.T. from unreasonable risks of harm, but rather denies she breached that duty. In a negligent supervision case, the determination of whether the duty of ordinary care has been breached turns on whether a reasonable person could have foreseen that injuries of the type suffered might occur under the circumstances. *A.R.H. v. W.H.S.,* 876 S.W.2d 687, 691 (Mo.App.1994); *Smith v. Archbishop of St. Louis,* 632 S.W.2d 516, 521 (Mo.App.1982).[1] When deciding if

---

1. *Smith v. Archbishop of St. Louis* first enunciated the standard for determining breach of duty in negligent supervision cases: "[t]o recover, plaintiff need not show that the very injury resulting from defendant's negligence was foreseeable, but merely that a reasonable person could have foreseen that injuries of the type suffered would be *likely* to occur under the circumstances." *Smith,* 632 S.W.2d at 521 (emphasis added). *A.R.H. v. W.H.S.* modified the requisite probability of the occurrence of a foreseeable injury in that a breach of duty now depends on "whether a reasonable person would recognize that an incident of the type alleged *might* occur and that steps should be taken to prevent it." *A.R.H.,* 876 S.W.2d at 691 (emphasis added). It is doubtful that the *Smith* court intended the term "likely" to mean "more probable than not," in light of the Missouri Supreme Court's previous definition of "likely" in *Zuber v. Clarkson Constr. Co.,* 363 Mo. 352, 251 S.W.2d 52 (1952). In *Zuber,* the Court explained "[w]hile the likelihood of a future happening is the test of a duty to anticipate, this does not mean the chances in favor of the happening must exceed those against it. The test is not the balance of probabilities, but of the existence of *some probability* of sufficient moment

some injury was reasonably foreseeable, courts examine what the actor knew or should have known. *Hoover's Dairy, Inc.,* 700 S.W.2d at 432. When examining what the actor should have known, we inquire into what he or she would have learned in the exercise of ordinary care. *Wright v. Interco, Inc.,* 567 S.W.2d 149, 151 (Mo. App.1978).

Defendant argued in her motion for summary judgment that she neither knew nor had reason to know her son posed an unreasonable risk of harm to G.E.T. such that it could not be genuinely disputed his injuries were reasonably foreseeable. Contending plaintiffs had failed to produce any evidence sufficient to allow the trier of fact to find one of the elements of their cause of action (i.e., breach of duty), defendant claimed she was entitled to judgment as a matter of law.

■ In their sole point of error, plaintiffs contend they have produced sufficient evidence to create a genuine issue as to the foreseeability of G.E.T.'s injuries. Of the summary judgment facts produced by plaintiffs, we find two items probative as to foreseeability: (1) G.E.T.'s testimony that defendant would regularly absent herself from the premises, leaving G.E.T. and the other children alone with her son; and (2) G.E.T.'s testimony that he was molested daily, often in defendant's presence albeit without her actual knowledge.[2]

■ Defendant denies ever leaving the premises. Even had she done so, she contends the record lacks evidence giving her reason to know of her son's sexual propensities. This argument is flawed because it presumes a child care provider's absence does not constitute a breach of the duty of ordinary care. As mentioned above, the relevant inquiry in determining the existence of constructive knowledge is whether, *in the exercise of ordinary care,* defendant would have learned her son

posed a threat to G.E.T.'s welfare. Plaintiffs' summary judgment facts concerning defendant's regular absence raises the following material questions of fact: (1) did defendant regularly absent herself as G.E.T. claims; (2) if so, did her absence amount to a breach of her duty of ordinary care; and (3) if so, would she have learned her son was molesting G.E.T. had she not breached such duty. "Though we wish it were otherwise, a jury could reasonably find that the(3)27 abuse of young children who are not properly supervised is foreseeable and is one of the dangers parents and other care givers expressly protect children from by providing them proper supervision and care." *Wallace v. Boys Club of Albany, Ga., Inc.,* 211 Ga.App. 534, 439 S.E.2d 746, 749 (1993). *See also Bull Street Church of Christ v. Jensen,* 233 Ga.App. 96, 504 S.E.2d 1, 6 (1998). If a trier of fact were to believe G.E.T.'s testimony, it could reasonably find such absence amounts to negligent supervision. Where reasonable minds could infer negligence, determinations of breach of duty are questions of fact for the finder of fact, not questions of law for this court. *Miller v. Sabinske,* 322 S.W.2d 941, 946 (Mo.App. 1959). Thus, summary judgment was improper.

Plaintiffs' summary judgment facts that G.E.T. was molested daily, at times in defendant's presence, also creates genuine issues of material fact. Defendant denies ever having noticed any strange behavior or occurrences that would alert her to Michael's abuse of G.E.T. Therefore, she argues, G.E.T.'s injuries were not reasonably foreseeable because she had no reason to know of such inappropriate activity. Again, this argument presumes defendant acted with ordinary care and ignores the proper queries: (1) whether defendant's failure to notice her son's molestation of G.E.T. under these circumstances amounted to a breach of her duty to exercise ordinary care; and (2) whether she would

to induce the reasonable mind to take precautions which would avoid it." *Id.* at 55 (emphasis added).

2. G.E.T. testified Michael sometimes molested him while defendant operated her sewing machine on the opposite side of the room.

have noticed such activity but for such breach. For the same reasons mentioned above, there are genuine issues of material fact which make summary judgment inappropriate.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, J., concurs.

LAWRENCE E. MOONEY, J., concurs.