Jana M. LUALLEN, et al., Appellant,

v.

Richard A. REID d/b/a Reid's Bus Service, Respondent.

No. WD 59493.

Missouri Court of Appeals, Western District.

Oct. 9, 2001.

Mark G. Anderson, Jefferson City, for appellant.

Douglas W. Rennie, Cincinnati, Ohio, Robert G. Russell, Sedalia, for respondent.

Before BRECKENRIDGE, P.J., ELLIS, J., and TURNAGE, S.J.

WILLIAM E. TURNAGE, S.J.

Jana Luallen and Jerry Luallen appeal the trial court's order granting the motion for summary judgment filed by defendant, Richard Reid. Mr. and Mrs. Luallen sued Mr. Reid after the Luallen auto collided with another car while Mrs. Luallen was passing Mr. Reid's bus. Mrs. Luallen claims that the trial court erred in granting summary judgment because there was a genuine dispute as to whether Mr. Reid breached his duty to keep a lookout and to take evasive action once he realized that Mrs. Luallen's vehicle was in peril.

Reversed and remanded.

### Facts

On December 5, 1996, at approximately 6:10 am, Jana Luallen was driving a Chevrolet Blazer and Josephine Miers was driving a Ford LTD sedan on northbound U.S. 65, a divided four-lane highway. Mrs. Luallen was traveling in the passing lane on U.S. 65 while Ms. Miers, an eighty-six-year-old woman, was traveling in the wrong direction, southbound, in the same lane. As a result, there was a head-on collision between the two vehicles. The impact of the front left of Mrs. Luallen's Blazer with Ms. Miers' vehicle forced the rear right of Mrs. Luallen's vehicle into a passenger bus, driven by Richard Reid, also traveling northbound on U.S. 65, but in the right lane. Mr. Reid was carrying one passenger at the time of the wreck.

Just prior to the accident, Mr. Reid was traveling in the right lane on northbound U.S. 65. There were no vehicles in front of the bus. Mrs. Luallen was also traveling in the right lane, but behind the bus. Mr. Reid first saw the headlights of Ms. Miers' vehicle when he entered the south end of Heath Creek Bridge. Soon thereaf-

ter, he realized that Ms. Miers was traveling on the wrong side of the highway. At about the same time, Mr. Reid also noticed that Mrs. Luallen had moved into the passing lane to the left of his bus. Mr. Reid testified that once he noticed that Ms. Miers' car and Mrs. Luallen's car where on a collision course, he "pulled over as far right as he could and tried to maintain [his] speed. . . . ." Mrs. Luallen testified that she did not see Ms. Miers' vehicle until she reached the area beside the driver's window of the bus, at which point she "tried to, of course, get back over but wasn't able to." The left front corners of Mrs. Luallen's and Ms. Miers' vehicles overlapped by approximately twelve to fifteen inches upon impact. The impact also caused the right rear Mrs. Luallen's vehicle to contact Mr. Reid's bus, just behind the left front tire of the bus. Thereafter, Mrs. Luallen's vehicle swung counterclockwise as it skidded across the passing lane and into the median on the left-hand side of the two-lane highway, facing southbound. Mrs. Luallen suffered numerous injuries from the accident. Ms. Miers died as a result of injuries sustained in the accident.

Mrs. Luallen and her husband filed suit against Mr. Reid alleging that he breached his duty to keep a lookout and to take evasive action once he realized that Mrs. Luallen's vehicle was in peril. Mr. Reid filed a motion for summary judgment. Thereafter, Mrs. Luallen filed her suggestions in opposition to the motion for summary judgment and Mr. Reid filed his reply. The court granted Mr. Reid's motion for summary judgment. This appeal followed.

Appellate review of a summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established the right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *ITT Commercial Fin. Corp.,* 854 S.W.2d at 381. The non-moving party may not rely on mere allegations and denials of the pleadings but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.* "Summary judgment is not as feasible in negligence cases as it may be in other types of cases." *Hammonds v. Jewish Hosp. of St. Louis,* 899 S.W.2d 527, 529 (Mo.App. E.D.1995) (citing *Bruner v. City of St. Louis,* 857 S.W.2d 329, 332 (Mo.App. E.D.1993)).

In her first and only point, Mrs. Luallen argues that the trial court erred in granting summary judgment in favor of Mr. Reid because she established a plausible theory for holding Mr. Reid liable. Mrs. Luallen claims that Mr. Reid was negligent in (1) failing to keep a proper lookout; and in (2) failing to swerve, slacken speed, sound a warning, or otherwise take evasive action after the danger of Ms. Miers' vehicle was or should have been apparent.

### I. Duty & Breach

The duty to keep a lookout requires every motorist to exercise the highest degree of care by maintaining a careful lookout both ahead and laterally to become aware of dangerous situations and conditions. *Hudson v. Whiteside*, 34 S.W.3d 420, 427 (Mo.App. W.D.2000); *State v. Overkamp*, 865 S.W.2d 376, 378 (Mo.App. E.D.1993). A duty to swerve or to take other evasive action arises when the driver knows or should know of the likelihood of a collision. *Hollis v. Blevins*, 927 S.W.2d 558, 565 (Mo.App. S.D.1996). " 'Where reasonable minds could infer negligence, determinations of breach of duty are questions of fact for the finder of fact, not questions of law for this court.' " *Daniels v. Senior Care, Inc.*, 21 S.W.3d 133, 138 (Mo.App. S.D.2000) (quoting *G.E.T. ex rel. T.T. v. Barron*, 4 S.W.3d 622, 625 (Mo.App. E.D.1999)).

In his brief, Mr. Reid concedes that he had a duty to take evasive action once he realized the likelihood of a Luallen–Miers collision. Additionally, Mr. Reid concedes that he did not look again to his left to see where Mrs. Luallen's vehicle was in relation to his bus after realizing that Ms. Miers was in the wrong lane. Here, reasonable minds could infer that Mr. Reid was negligent in not keeping a lateral lookout.

Mr. Reid suggests that he satisfied his duty of care to Mrs. Luallen by maintaining his speed and pulling his bus to the right. Whether Mr. Reid did in fact satisfy his duty to Mrs. Luallen is a question of fact for the finder of fact, not this court.

### II. Causation & Damages

Mr. Reid asserts that Mrs. Luallen cannot show that his action or inaction caused the head-on collision between her vehicle and Ms. Miers' vehicle. A defendant's negligence does not have to be the sole cause of the injury rather, direct contribution is enough. *Williams v. Mo. Highway and Transp. Comm'n*, 16 S.W.3d 605, 611 (Mo.App. W.D.2000). Additionally, the trier of fact normally decides causation, especially where reasonable minds could differ as to causation on the facts of the case. *Id.* Because reasonable minds could find that Mr. Reid's negligence in failing to keep a lateral lookout directly contributed to Mrs. Luallen's injuries, there is a genuine dispute as to causation.

As to the fourth element of Mrs. Luallen's claim, Mr. Reid does not dispute that Mrs. Luallen was damaged as a result of her collision with Ms. Miers.

### Conclusion

For the reasons stated, the summary judgment of the circuit court for Mr. Reid on Mr. Luallen's claim of negligence is reversed, and the cause is remanded for further proceedings.

BRECKENRIDGE, P.J. and ELLIS, J. concur.