Robert C. MOORE, etc., et al.,
Plaintiffs-Appellants,

v.

Keith WATSON et al.,
Defendants-Respondents.

No. 38358.

Missouri Court of Appeals,
St. Louis District,
Division 1.

July 19, 1977.

W. W. Sleater, Clayton, for appellants.

David A. McMahon, St. John, for respondents.

SMITH, Judge.

Plaintiffs appeal from the order of the Circuit Court dismissing their amended petition for recovery for the wrongful death of their minor, unmarried son.

Plaintiff Robert C. Moore filed the original petition on the second anniversary of the death of Theodore Moore. Robert alleged he was the administrator of the estate of Theodore, that Theodore was an unmarried minor with no children. The petition set out that Theodore's next of kin were: Robert C. Moore, his father, Maurie Delores Moore, his mother, and nine brothers and sisters. The petition further alleged that the named father and mother were entitled to the support and wages of the deceased, were damaged by his death and had incurred expenses as a result of that death.

Approximately a year after the original petition was filed, plaintiffs filed an amended petition brought by Robert C. Moore, individually and as administrator, and by Maurie Delores Moore. The allegations of Theodore's minority, marital and nonantecedent status, and the listing of heirs was again set forth. Both petitions were directed against Keith Watson, a minor, and his parents William and Leonora. The allegations of negligence against the parents were that they "negligently and carelessly permitted the said Keith Watson to drive the said motor vehicle" in which Theodore was killed, that Keith was seventeen and subject to the supervision and control of his parents. It further alleged that his parents were aware that Keith's license had been suspended, that he had driven recklessly in the past, and was likely to do so in the future, that an "automobile became a dangerous instrumentality when in [his] hands because they knew he was an immature, incompetent and reckless minor," that Keith drank intoxicating liquor and when doing so was prone to habitual recklessness, and that knowing these matters his parents "negligently and carelessly permit[ted] their son to drive the vehicle in which Theodore William Moore was a passenger at the time of his death, . . .."

The trial court sustained all defendants' motions to dismiss because the Administrator was an improper party and the individual plaintiffs were barred by limitations. It also sustained the motion of the parent defendants to dismiss for failure to state a cause of action against them.

■ The administrator was not a proper party to bring the lawsuit because there was a father and mother. Sec. 537.080(3) RSMo 1969. It is also clear that the parents are barred by limitations unless the amended petition relates back to that filed originally by the administrator. Sec. 537.-100 RSMo 1969.

■ The rule to be applied is stated in *Forehand v. Hall,* 355 S.W.2d 940 (Mo.1962) [7–9]:

"The rule in this state is that where a suit for wrongful death is instituted within the one year period of limitation by one who has no legal right to maintain the suit in the capacity in which suit is filed but who has a beneficial interest in the subject matter of the action, which interest plaintiff alleges by intendment, . . . or is filed by some, but not all, of the persons entitled to bring such action, . . . the substitution by amendment of the plaintiff suing in the proper capacity, or the joinder of the necessary additional parties plaintiff, after the lapse of the one-year period, will relate back to the time of filing the original action and the intervening running of the statute of limitations will not bar the maintenance of the suit by the substituted plaintiff; but where the original action is improperly filed by a stranger to the action who has no legal or beneficial

interest in its subject matter, the substitution of a proper party plaintiff after the statute of limitations has run will not relate back, but will be treated as a new action, which is barred by the statute of limitations."

We find it unnecessary to collate and discuss the many cases in this state dealing with this problem. That has been adequately done in *State ex rel. Kansas City Stockyards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976) and *State ex rel. Jewish Hospital v. Buder*, 540 S.W.2d 100 (Mo.App.1976). It is sufficient to say that this case is nearly identical to, and is controlled by, *Slater v. Kansas City Terminal Railway Company*, 271 S.W.2d 581 (Mo.1954) and fits into the first category of cases discussed in the preceding quotation from *Forehand v. Hall, supra.*

■ Robert C. Moore had no legal right to maintain this suit as administrator. He did, however, have a beneficial interest as an individual in the subject matter, which interest was specifically alleged in his original petition. The amended petition substituted him in his proper capacity and joined a necessary party, his wife. That amendment, under those circumstances, related back to the original pleading so as to avoid the bar of limitations.

■ In reviewing whether plaintiffs have stated a cause of action against the defendant parents we determine only whether the facts as pleaded and the reasonable inferences therefrom would if true allow a recovery under any theory. We find here they do. The allegations viewed generously, charge that the parents permitted their son to drive a motor vehicle knowing his license was suspended, that he had a history of drinking and driving recklessly. Such allegations state a cause of action for the negligence of the parents in entrusting to the minor an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child. *See National Dairy Products Corp. v. Freschi*, 393 S.W.2d 48 (Mo.App.1965); *Dinger v. Burnham*, 360 Mo. 465, 228 S.W.2d 696 (1950); *Lix v. Gastian*, 261 S.W.2d 497 (Mo.App.1953).

We add, however, a caution. Plaintiffs have rather artfully drafted their petition so that it is not completely clear whether their theory is that heretofore discussed or whether it is a general failure of the parents to exercise parental control over their seventeen year old son. There is, for instance, no indication in the petition of the ownership or control of the motor vehicle driven by Keith, other than the allegation that defendant parents "permitted" Keith to drive it. Several allegations of negligence appear to be based upon a theory that the parents failed in a general way to keep automobiles out of the hands of their son. Generally, parents are not liable for the torts of their children simply because of the relationship between them. There are exceptions to this general rule. See *National Dairy Products Corp. v. Freschi, supra*, [6, 7]. Our holding here is limited solely to the allegations supporting a theory of liability that the parents were negligent in entrusting their minor son with an instrumentality likely to be put to a dangerous use because of the minor's known careless propensities or because it was illegal for him to operate it. We are in no way ruling that the petition states a cause of action for general failure of a parent to exercise supervision and control over a seventeen year old minor. The petition here appears particularly subject to a motion for more definite statement. If such statement, or other developments, in the case, reveal that plaintiffs are proceeding on a theory other than the one specifically upheld here, the trial court is authorized to take such action as is called for by the law of Missouri. In short, our opinion is the law of the case only upon the specific theory discussed and not upon other possible theories encompassed by the generality of plaintiff's petition.

The order of the trial court dismissing the petition of Robert C. Moore as administrator of the estate of Theodore William Moore is affirmed. The order of the trial court dismissing the petition of Robert C. Moore

individually and Maurie Delores Moore is reversed and the cause remanded for further proceedings.

CLEMENS, P. J., and DOWD, J., concur.