■ MARY E. COMISKEY, Individually and as Administratrix of the Estate of VINCENT COMISKEY, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60208.)—Appeal from a judgment, entered August 28, 1978, upon a decision of the Court of Claims. This is an action for conscious pain and suffering and wrongful death of a decedent based upon the alleged negligence of the State. The decedent was a patient at the Central Islip State Hospital where he was initially admitted on November 22, 1970. Claimant maintains that the State was negligent in failing to properly supervise decedent and in permitting him to leave the hospital grounds unaccompanied. The court found for the claimant on the ground that an attendant who knew of decedent's suicidal tendencies and who had been directed to keep decedent under close supervision took no action to prevent decedent from leaving the premises for lunch. The record reveals that on three previous occasions while a patient of the hospital decedent attempted suicide, that on March 16, 1976 he was in one of his depressed moods and asked to be put in a locked ward because he wanted to hurt himself, and that on March 18, 1976 he was still in a depressed mood. The record also reveals that decedent was the holder of an honor card which permitted him free access to the hospital grounds but not to leave without permission and that on March 19, 1976 decedent told his attendant that he was going off the premises to have lunch at a nearby restaurant. Later that day decedent jumped in front of a subway train and received certain injuries resulting in his death. Death was listed as suicide. While the State is not required to have someone watch a patient 24 hours a day *(Hirsh v State of New York,* 8 NY2d 125), it is required to exercise reasonable care in restraining, supervising and protecting mentally deficient persons to prevent injury to themselves and others *(Jones v State of New York,* 267 App Div 254). A fair reading of this record demonstrates that the State had knowledge of decedent's proclivities to elope and his tendency to attempt suicide. There is, in our view, therefore, ample evidence in the record to support the court's determination that the State was negligent and that the negligence was a proximate cause of decedent's death. The judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.