OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order pursuant to CPLR 3211 (subd [a], par 5) dismissing plaintiff’s complaint as against defendant, William McVeigh, Jr., upon the grounds that the cause of action set forth therein is barred by the applicable Statute of Limitations, and for a further order pursuant to CPLR 3211 (subd [a], par 7) dismissing plaintiff’s complaint as against defendants, William McVeigh and Sheila McVeigh, upon the grounds that said pleading fails to state a cause of action.
The action which was commenced by service of a sum *164 mons dated May 30, 1979, seeks to recover damages for personal injuries allegedly sustained by plaintiff as the result of an occurrence on July 16, 1976. It is alleged that on said date, plaintiff was attacked by defendant, William McVeigh, Jr., the autistic child of defendants, William McVeigh and Sheila McVeigh, allegedly as the result of the negligent supervision by codefendants of their son, William McVeigh, Jr. William McVeigh, Jr., is 22 years of age, is allegedly suffering from the mental disability commonly known as autism, and is allegedly unable to care and provide for himself. It is further alleged that he is under the direct care, custody and supervision and control of his parents, and lives with them. Plaintiff is a therapist who would on occasion, treat and work with defendant in the home of his parents. On the day in question, it is alleged that the parents left the house while plaintiff was there to work with their son, and that during the course of treatment, plaintiff was assaulted.
Counsel for defendants, urge that this action was commenced more than one year after the date of the alleged occurrence and is therefore barred by the one-year Statute of Limitations set forth in CPLR 215. The basis for this argument is that said section sets forth a one-year Statute of Limitations for an action to recover damages for assault. They argue that the complaint sets forth conduct which alleges a cause of action sounding in assault and that therefore, said cause of action is barred by the one-year Statute of Limitations. Plaintiff resists this argument on the premise that the complaint contains no allegation of intentional conduct of or by defendant, William McVeigh, Jr. They assert that the actions of defendant are governed by the three-year Statute of Limitations contained in CPLR 214 (subd 5) which governs “an action to recover damages for a personal injury except as provided in section 215”.
New York Jurisprudence succinctly sets forth the general provisions of law regarding assaults by persons who are alleged to be under a disability such as the case at bar. “[Pjublic policy places upon one with impaired mental powers the same liability for assault and battery as it places upon those of normal mentality. There is no sound reason, it is said, why the victim of the violence of an *165 insane person should bear the loss caused by the act instead of the offender.” (NY Jur, Assault and Battery, § 6, p 234.) In the case of Van Vooren v Cook (273 App Div 88), an inmate of a mental institution attacked an attendant therein. Although it was conceded that the inmate could not form any intent to commit said act, the court held that “the plaintiff alleged and proved a prima facie action in assault and battery against the defendant Cook. This is one of the type of actions in tort for which an insane person is liable.” (Van Vooren v Cook, supra, at p 91.)
In determining whether the one-year Statute of Limitations set forth for the tort of assault and battery, or the three-year Statute of Limitations set forth for a recovery of damages for all other personal injuries applies, the key element to be discerned is that of intent. “Negligence is distingiushed from assault and battery by the absence of that intent which is a necessary ingredient of the latter” (Jones v Kent, 35 AD2d 622). It is alleged herein that defendant, William McVeigh, Jr., is incapable of forming an intent to commit a tort of assault. While common law has long held such a person liable for his actions, such a holding has been based upon public policy and without regard to the ability to form the requisite intent to commit the tort. “There can be no distinction as to the liability of infants and lunatics, between torts of nonfeasance and of misfeasance — between acts of pure negligence and acts of trespass. The ground of the liability is the damage caused by the tort. That is just as great whether caused by negligence or trespass; the injured party is just as much entitled to compensation in the one case as in the other, and the incompetent person must, upon principles of right and justice and of public policy, be just as much bound to make good the loss in the one case as the other” (Williams v Hays, 143 NY 442, 451).
The plaintiff has alleged a cause of action to recover for damages for a personal injury through an occurrence on July 16, 1976. No allegation of an intentional act by defendant, William McVeigh, Jr., is alleged. Accordingly, this court finds that the alleged cause of action is governed by CPLR (subd 5), and accordingly, a three-year Statute of Limitations is applicable.
*166 Defendants also argue that the complaint as against defendants, William McVeigh and Sheila McVeigh must be dismissed for failing to state a cause of action in that they failed to adequately and properly supervise and control their son. This contention is based on Nolechek v Gesuale (46 NY2d 332) and Holodook v Spencer (36 NY2d 35) which hold that no cause of action exists based upon allegations of negligent parental supervision. However, those cases are distinguishable from the case at bar. Here we do not have the classic situation of a parent and a child. We have a 22-year-old adult who it is alleged, is suffering from a mental impairment. As was stated in New York Jurisprudence, “the placing of responsibility upon an insane person for his acts operates as an incentive to those who are interested in his welfare to see that a proper restraint is placed upon him to prevent acts by him which are inimical to society.” (3 NY Jur, Assault and Battery, § 6, p 234; italics supplied.) It is black letter law that “One who takes charge of a third person whom he knows or should know [is] likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.” (Restatement, Torts 2d, § 319.) The case of Joachim v State of New York (180 Misc 963), is illustrative of this rationale. Therein, the entity with the duty imposed upon it was the State. In all other pertinent aspects, the case resembles the one at bar. The court held that “[t]hose in charge of persons having dangerous propensities should so control their activities as to prevent them from rendering possible harm to third persons” (Joachim, v State of New York, supra, p 967). The complaint has alleged a dangerous propensity on the part of defendant, William McVeigh, Jr., knowledge of said dangerous propensities by the codefendants, William McVeigh and Sheila McVeigh, an assumption of the responsibility for said defendant and failure to exercise reasonable care in the supervision of said defendant. Whether such an incapacitated individual resides in an institution or at home, the legal duty to protect third parties remains the same. Where one assumes charge of such a person, also assumed is the full responsibility to properly supervise the individual in a reasonable and prudent man *167 ner. Accordingly, this court finds that a valid cause of action has been pleaded as against codefendants, William McVeigh and Sheila McVeigh.
Accordingly, the motion for an order pursuant to CPLR 3211 (subd [a], par 5) dismissing plaintiff’s complaint as against defendant, William McVeigh, Jr., upon the grounds that the cause of action set forth therein is barred by the applicable Statute of Limitations, shall be denied. The motion for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing plaintiff’s complaint as against defendants, William McVeigh and Sheila McVeigh, upon the grounds that said pleading fails to state a cause of action shall be denied, both without costs.