■ CATHERINE B. GULDY, Individually and as Parent of ALAN GULDY, an Infant, Plaintiff, v FORD MOTOR COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. ALBERT GULDY, Third-Party Defendant-Appellant. — Appeal from an order of the Supreme Court at Special Term (Tait, Jr., J.), entered February 28, 1983 in Madison County, which, *inter alia,* denied third-party defendant's motion for summary judgment dismissing the third-party

complaints. The left arm of the 10-year-old infant, Alan Guldy, was severed on September 10, 1977 when it became entangled in operating machinery on his family farm. Alan's injury occurred when he was helping his father and his father's nephew unload silage from a forage box wagon. This wagon was self-unloading and received its power from a tractor to which it was connected by a power takeoff shaft. The father and the nephew were filling a large cart from the wagon and pushing it to the barn where it was emptied and the silage was stored. Alan had a wheelbarrow and after filling it he would also wheel it to the barn. At the time of the accident, the tractor had been left running, and the father and nephew were about to enter the barn with their backs to Alan, who was standing behind the tractor when he attempted to reach across the power takeoff shaft to pull the shutoff lever to the "off" position. During the four weeks or so that Alan had been helping his father on Saturdays when he was not in school, and for which he received no money, Alan had turned the power equipment off, but always while he was sitting on the tractor seat. The father had taught Alan to do this and to drive the tractor, and to connect the power equipment to the rear thereof. Alan's mother, on her own behalf and as a parent of Alan, commenced this personal injury action against the Ford Motor Company, as manufacturer of the tractor, the Lamco Manufacturing and Distributing Company, the manufacturer of the forage box wagon, and the Seifert Manufacturing Company and Rexnord, Inc., the manufacturer of the power takeoff shaft, alleging defects in this equipment. Defendants each commenced third-party actions against the father for indemnification and/or contribution, contending that his negligence caused or contributed to the infant's injury. The father, as third-party defendant, moved for summary judgment and to dismiss the third-party complaints for insufficiency, claiming that he entrusted only the wheelbarrow and not the equipment to Alan. This motion was denied by Special Term, and we agree. In New York, a parent may be liable to a third party, not for failing to supervise his child (*Holodook v Spencer,* 36 NY2d 35, 51), but for negligently entrusting a "dangerous instrument" to his or her child, thereby breaching a duty owed to a third party to control the child's use of dangerous instruments to avoid harm to such third party (*Nolechek v Gesuale,* 46 NY2d 332). There can be little doubt that the machinery involved herein was a "dangerous instrument" and that all of the instructions given by the father in relation thereto and his permitted use thereof by the infant constituted an "entrustment" of the instrument, which the father was "aware of and capable of controlling" (*id.,* at p 338). Nor can the father limit his liability to the entrustment of the wheelbarrow only, when he permitted the infant to participate in the unloading of the farm wagon to the extent that he did. While the harm caused to the third parties herein is not the direct physical type of injury ordinarily caused by dangerous instruments, it is "financial harm resulting from potential liability of a 'concurrent' tort-feasor" and that type of harm is sufficient under *Nolechek v Gesuale* (*supra,* p 339). We find no merit in third-party plaintiff Rexnord's argument that an employer-employee relationship existed between the father and his 10-year-old son, and we decline to affirm on that ground. Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.