■ LELAND J. GOBLE, Respondent, et al., Claimant, v STATE OF NEW YORK, Appellant.—In a negligence claim to recover damages for personal injuries, etc., the defendant State of New York appeals from a judgment of the Court of Claims (McCabe, J.), dated July 1, 1985, which, after a nonjury trial, was in favor of the claimant Leland Goble in the principal sum of $523,000.

Ordered that the judgment is affirmed, with costs.

We find unpersuasive the State's contention that liability for the claimant Leland Goble's injuries was erroneously imposed upon it. The record reveals that on March 7, 1980, Leland, a 15-year-old youth who recently had been admitted as a patient at Rockland Childrens Psychiatric Center, was struck in the right eye by a chair which a fellow patient had thrown in the facility's cafeteria. The severe injuries which resulted from this incident necessitated the subsequent surgical removal of Leland's eye. At trial, it was established that the patient who threw the chair had a long history of violent behavior, including repeated instances of throwing furniture and other objects when agitated. Indeed, Leland had observed

him forcefully throw objects on several occasions only weeks before the cafeteria incident, and approximately one week prior to his injuries, Leland witnessed the same patient throw a garbage pail at a center employee. The patient's medical and psychiatric records further indicated that the staff at the center was well aware of his assaultive conduct and had repeatedly isolated him from other patients when he became agitated and violent.

Moreover, the uncontroverted testimony at trial demonstrated that one of the therapy aides at the center struck this patient in the jaw during an argument which took place shortly before all of the patients assembled in the cafeteria for dinner. This incident angered and agitated the patient, who mumbled and ran from the cafeteria but who nevertheless was returned to it by the same aide who had struck him. The aide then positioned himself at such a distance from the patient that the latter was able to throw both a plate and the chair which produced the injuries before he could be restrained.

Initially, we note that the instant claim is not premised upon any alleged error in the professional, medical or psychiatric judgment of the center's employees, but is instead grounded upon the alleged negligent failure of the State to protect Leland from reasonably foreseeable harm. It is well settled that "[t]he State owes patients in its institutions a duty of reasonable care to protect them from injury, whatever the source" *(Killeen v State of New York,* 66 NY2d 850, 851; *see, Schrempf v State of New York,* 66 NY2d 289; *Zophy v State of New York,* 27 AD2d 414, *affd* 22 NY2d 921; *Jones v State of New York,* 267 App Div 254). While this duty does not require 24-hour individual supervision of a patient *(see, Hirsh v State of New York,* 8 NY2d 125; *Comiskey v State of New York,* 71 AD2d 699), it is clear that in this case the therapy aide was aware of the patient's history of assaultive conduct as well as of his tendency to throw objects and the obvious agitation which he exhibited shortly before he caused Leland's injuries. Under these circumstances, the aide acted negligently in returning the patient to the cafeteria and in positioning himself at such a distance from the patient that he could not prevent the injuries to Leland. The State therefore failed to exercise reasonable care so as to avoid readily foreseeable injuries to one of its patients; hence, liability was properly imposed upon it *(see, e.g., Comiskey v State of New York, supra; Scolavino v State of New York,* 271 App Div 618, *affd* 297 NY 460; *Jones v State of New York, supra).*

Additionally, we note that the amount of damages awarded by the trial court was not excessive. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.