OPINION OF THE COURT
Marvin E. Segal, J.
The defendants, Devorah and Joseph Perlow, are the parents of Jeffrey Perlow, a 27-year-old mentally challenged adult. For the past six years, since he was 21 years old, Jeffrey has resided in a group home, operated by the defendant, Ohel, Inc., at 1217 Gateway Boulevard, Far Rockaway. The plaintiff, Michele Miltz (hereafter plaintiff), is a registered nurse. On June 10, 1993, during the course of her employment at said group home, she was allegedly assaulted by Jeffrey Perlow.
By summons and verified complaint dated June 27, 1994, the plaintiff commenced a negligence action against Devorah and Joseph Perlow seeking damages for injuries she allegedly suffered as a result of the assault by their son. The complaint asserts that the Perlows had prior knowledge of Jeffrey’s vicious propensity and that they were negligent in failing to have their son "committed to a larger and more secure mental institution better equipped to handle his violent behavior”.
The Perlows now move for an order pursuant to CPLR 3211 (a) (7) and 3212 dismissing the complaint and all cross claims on the ground that the plaintiff has failed to state a cause of action.
The law is well settled that parents are not liable for the torts of their adult issue (Hartsock v Hartsock, 189 AD2d 993; Fischer v Lunt, 162 AD2d 1016; Mimoun v Bartlett, 162 AD2d 506). The plaintiff herein contends, however, that the Perlows are liable in negligence for the tort of their adult son because he is mentally challenged.
A parent is not liable for the torts of his infant issue, absent some specific statutory liability, except (1) where the relationship of master and servant exists between the parent and child and the child commits a tort within the scope of the *169 authority accorded by the parent; or (2) where a parent is negligent in entrusting the child with a dangerous instrument; or (3) where the parent entrusts the child with an instrumentality that is not inherently dangerous, but is likely to be put to dangerous use because of the known propensities of the child; or (4) where the parent participates, consents to, ratifies or accepts the fruits of the tortious act or (5) where the parent had knowledge of the child’s propensity to engage in vicious conduct imperilling others and had the ability or opportunity to control the child’s behavior and failed to do so (Nolechek v Gesaule, 46 NY2d 332; Armour v England, 210 AD2d 561; Brahm v Hatch, 203 AD2d 640; Maurillo v Park Slope U-Haul, 194 AD2d 142, 146, citing Steinberg v Cauchois, 249 App Div 518; Borelli v Board of Educ., 156 AD2d 903; Dawes v Ballard, 133 AD2d 662; Gordon v Harris, 86 AD2d 948). The plaintiff contends that the law relating to infant issue is applicable to mentally challenged adults, and that the parents of a mentally challenged adult, with a known propensity to engage in vicious conduct, are responsible, in negligence, for the torts of their adult issue.
A parent of a mentally challenged adult issue, who has assumed charge of said issue, has the duty to supervise the adult issue in a reasonably prudent manner. "It is black letter law that ’One who takes charge of a third person whom he knows or should know [is] likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm’.” (Rausch v McVeigh, 105 Misc 2d 163, citing Restatement [Second] of Torts § 319; see also, D'Amico v Christie, 71 NY2d 76, 89.)
Where a mentally challenged adult is under the care and control of a parent, and the parent has knowledge that the mentally challenged adult issue has a propensity to engage in vicious conduct, and has the ability or opportunity to control the conduct of the mentally challenged adult issue, and fails to do so, said parent may be held liable in negligence for the torts of said issue.
Here, however, the plaintiff does not contend that the Perlows had the opportunity or ability to control Jeffrey’s actions on the date of the alleged assault. The Perlows were not present at the group home at the time of the incident. As the plaintiff has not alleged that the Perlows had the opportunity or ability to control Jeffrey’s actions on the date of the alleged assault, she has failed to state a cause of action (see, *170 Dawes v Ballard, supra; Prosser and Keeton, Torts § 123, at 912 [5th ed]; see also, Nolechek v Gesaule, supra; Holodook v Spencer, 36 NY2d 35; Huyler v Rose, 88 AD2d 755, appeal dismissed 57 NY2d 777; Leonard v O’Neil, 159 Misc 2d 1029).
The true gravamen of the plaintiffs claim is that the Perlows had a duty to commit their son to a more secure institution. The Perlows had no such responsibility under the law. The duty to exercise reasonable care to restrain and supervise Jeffrey to prevent him from injuring himself or others was on the group home where he had resided for six years prior to the subject incident (see, Whidbee v State of New York, 176 AD2d 798, lv dismissed 80 NY2d 752; Goble v State of New York, 123 AD2d 664; Comiskey v State of New York, 71 AD2d 699; Burke v State of New York, 61 AD2d 1084, lv dismissed 46 NY2d 848; Raush v McVeigh, supra). Further, if Jeffrey’s behavior impaired the well-being or safety of others at the home or substantially interfered with the orderly operation of the facility, the operator of the group home, not Jeffrey’s parents, was authorized by law to terminate Jeffrey’s long-term residence at the home. (Mental Hygiene Law § 41.44; 14 NYCRR 586.6 [j] [2] [vi].)
Finally, all the alleged prior incidents of vicious conduct by Jeffrey occurred at the group home, and according to the plaintiff, were well documented by the facility. There is no allegation that the Perlows had any knowledge concerning Jeffrey’s past behavior that they neglected to communicate to the operator of the group home (see, Dawes v Ballard, supra).
Accordingly, the complaint and all cross claims are dismissed as against the Perlows.