■ RICHARD S. BLUM et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants, et al., Defendant. [633 NYS2d 502] —In an action to recover damages for personal

injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), dated December 15, 1993, as, upon a jury verdict awarding Richard S. Blum $25,000 for past pain and suffering, $128,000 for future pain and suffering, $0 for past lost earnings, and $574,000 for loss of future earnings, and awarding Carole G. Blum $30,000 for loss of services, and a finding, after a hearing pursuant to CPLR 4545, that Richard S. Blum would receive $590,713 in collateral source disability payments, and a finding that 80% of Richard S. Blum's injuries were due to a pre-existing condition, awarded the plaintiffs damages in the principal sum of only $183,000, and (2) the defendants City of New York, New York City Health and Hospitals Corporation, and Queens General Hospital cross-appeal, as limited by their brief, from so much of the same judgment as found the defendants New York City Health and Hospitals Corporation and Queens General Hospital liable for the plaintiffs' injuries.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision awarding the plaintiff Richard S. Blum $0 for past lost earnings and substituting therefor a provision severing the plaintiff Richard S. Blum's cause of action to recover damages for past lost earnings, and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs, unless within 30 days after the service upon them of a copy of this decision and order, with notice of entry, the defendants New York City Health and Hospitals Corporation and Queens General Hospital shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages for Richard S. Blum's past lost earnings from $0 to $274,400, and the net award of damages for past lost earnings to $54,880 ($274,400 less 80% due to the pre-existing condition), and to the entry of an appropriate amended judgment in his favor; in the event that the defendants New York City Health and Hospitals Corporation and Queens General Hospital so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

Resolution of questions concerning foreseeability and what constitutes reasonable conduct under the circumstances is generally for the finder of fact (see, Gordon v City of New York, 70

NY2d 839, 846). Contrary to the cross appellants' contention, there was sufficient evidence in the record for the jury to determine that they were negligent in their supervision of the patient who pushed the plaintiff Richard S. Blum (see, *Goble v State of New York*, 123 AD2d 664). Moreover, the plaintiffs established that the cross appellants' negligence was the proximate cause of Blum's injuries by showing that the negligence was a substantial factor in causing the injuries sustained (see, *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315).

The plaintiffs correctly contend that the jury's award of $0 for Blum's past lost earnings was inadequate. The record indicates that Blum's earnings for the four years following the incident decreased by approximately $274,400. After reducing this amount by the 80% apportioned for Blum's pre-existing condition, a more appropriate award is $54,880.

The plaintiffs' remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.