D & R STONGER By Next Friend, Randall Stonger, and Randall Stonger, Individually, Appellants,

v.

Gary and Brenda RIGGS, Respondents.

No. WD 57417.

Missouri Court of Appeals, Western District.

May 16, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 2000.

David Patrick Bub, St. Louis, for respondents.

Robert Walker Wheeler, Keytesville, for appellants.

Before Presiding Judge LAURA DENVIR STITH, Judge ROBERT G. ULRICH and Judge JAMES M. SMART, Jr.

LAURA DENVIR STITH, Presiding Judge.

Plaintiffs–Appellants, Derrik and Randall Stonger (the Stongers), appeal the judgment of the trial court sustaining the motion of Defendants–Respondents, Gary and Brenda Riggs (the Riggs), for summary judgment. The Stongers assert that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether the Riggs were negligent in entrusting their 14 year old son, Daniel, with a riding lawn mower and allowing him to drive it on a public road without adequate supervision, and

whether this negligence proximately caused or contributed to cause injury to Derrik Stronger when Daniel ran into Derrik with the riding lawn mower on the public road. We agree with the Stongers that a genuine issue of material fact exists as to the Riggs' negligence in entrusting the riding lawn mower to their son, and, accordingly, reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts, considered in a light most favorable to the Stongers, are as follows:

On May 14, 1998, Daniel Riggs, then 14 years old, left his home in Marceline, Missouri on a riding lawn mower. At his mother's request, Daniel was driving the lawn mower on a public road to the church where Daniel's father was the pastor. The church was located approximately two miles away from Daniel's home. His father had requested that Daniel mow the church lawn since, as pastor, he was responsible for maintaining it. Daniel had never read the instruction manual for the mower or been given specific training or instruction as to how to work the mower or how to drive the mower on a public road. His mother followed him in her car for a portion of the distance to the church, but, at some point along the way to the church, Daniel's mother passed him in her car and went ahead of him to the church.

After Daniel was left driving the mower alone on the road, he saw three boys riding bicycles on the road at the bottom of a hill. One of the boys was Derrik Stonger, who was then 10 years old. As Daniel reached the bottom of the hill and began to ascend the hill on the mower, Derrik started riding his bicycle up the hill as well, in front of Daniel and the mower. According to Daniel, Derrik was riding his bicycle slowly, and Daniel believed that Derrik was doing so intentionally as a means of taunting Daniel. In any event, as a response to this perceived insult, Daniel drove the mower as fast as possible. In doing so, Daniel ran into Derrik with the mower. While the blade of the motor was not operating, Derrik was knocked off the bicycle and sustained numerous injuries, including bruises, abrasions, and emotional distress.

On December 14, 1998, Derrik, by his father, Randall Stonger, as next friend, and Randall Stonger, individually, filed a Petition for damages alleging negligence against Daniel's parents, Gary and Brenda Riggs, as well as against Daniel individually. The Petition asserted: (1) the Riggs knew, or, by the exercise of ordinary care should have known, that an accident was imminent and, essentially, that their negligence in failing to properly supervise, train, educate and control their son Daniel resulted in the collision which injured Derrik, and (2) Daniel carelessly and negligently operated the riding lawn mower in such a manner that he ran over Derrik, resulting in Derrick's injuries.

On April 7, 1999, the Riggs filed a motion for partial summary judgment, asserting that the Stongers failed to establish a submissible case against the Riggs (the parents) in that no evidence demonstrated that they knew or believed or had reason to know that Daniel would operate the riding lawn mower negligently, tortiously, violently, recklessly, carelessly, or with negligent disregard for the safety of others. On June 21, 1999, the trial court sustained the Riggs' motion for summary judgment on the claims against the two of them. On June 22, 1999, the Stongers dismissed, without prejudice, their claim against Daniel personally. The Stongers appeal the summary judgment as to the Riggs.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, discovery and affidavits reveal no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *ITT*

Commercial Fin. Corp. v. Mid–Am. Marine Supp. Corp., 854 S.W.2d 371, 380 (Mo. banc 1993). Once the movant has demonstrated that no genuine issue of material fact exists, the burden shifts to the non-movant to show that there is a genuine dispute as to the material facts supporting the movant's right to summary judgment. Id. at 381–82. A genuine issue of material fact exists if there is a dispute that is real, not merely argumentative, imaginary or frivolous. Id. at 382. Mere speculation and conjecture are not enough to create a genuine issue of material fact. Id. at 378.

"The propriety of summary judgment is purely an issue of law which we review de novo on the record submitted and the law." Bonds v. Missouri Dep't of Mental Health, 887 S.W.2d 418, 421 (Mo.App. W.D.1994). We review the record in the light most favorable to the party against whom summary judgment entered, but will affirm if the judgment is sustainable as a matter of law under any legal theory. ITT Commercial, 854 S.W.2d at 376.

### III. LEGAL ANALYSIS

In their sole point on appeal, the Stongers assert the trial court erred in granting the Riggs' motion for summary judgment because there was a substantial question of material fact as to whether the Riggs were negligent in entrusting the riding lawn mower to their son Daniel without adequate supervision, and in failing to properly instruct their son in the operation of the mower by having him read the mower's owner's manual.

It is well-settled in Missouri, as in other jurisdictions, that, unless altered by statute, parents are not liable in damages for the torts of their minor children merely because of their status as parents. Murphy v. Loeffler, 327 Mo. 1244, 39 S.W.2d 550, 555 (1931). The Riggs recognize that an exception to this rule exists where parents have knowledge of their child's dangerous propensities, but nonetheless fail to act reasonably in attempting to restrain the child from injuring another. See Na-

tional Dairy Products Corp. v. Freschi, 393 S.W.2d 48, 54 (Mo.App. E.D.1965). As the Riggs note, however, there is no evidence on this record that Daniel had ever shown any dangerous or vicious tendencies in the past. Therefore, they successfully argued below, and claim in this Court, there is no basis on which they can be held liable for Daniel's allegedly improper conduct toward Derrik. Accordingly, they argue, we should affirm the trial court's grant of summary judgment.

■ We disagree. While it is true that parents can be held liable for their child's acts where they know of the child's dangerous propensities yet fail to reasonably control the child, that is only one of a number of situations which have been recognized as exceptions to the general rule that a parent will not be held liable for torts committed by the child. National Dairy notes the following five situations in which parents may be held liable for the torts of their child under Missouri law:

(1) Where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; (2) where a parent is negligent in intrusting to the child an instrument which, because of its nature, use, and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; (3) where a parent is negligent in intrusting to the child an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; (4) where the parent's negligence consists entirely of his failure reasonably to restrain the child from vicious conduct imperiling others, when the parent has knowledge of the child's propensity towards such conduct; and (5) where the parent participates in the child's tortious act by consenting to it or by ratifying it later and accepting the fruits.

393 S.W.2d at 54.

■ The vicious child situation which the Riggs argue is inapplicable here is only

the fourth of the five situations recognized in *National Dairy* as creating a basis for parental liability. We agree the vicious child situation does not apply, and that the fifth situation set forth in *National Dairy* (consent or ratification) is similarly inapposite. However, the Stongers' allegations that the Riggs knowingly entrusted Daniel with a riding lawn mower and permitted him to drive it on the public road without supervision or instruction despite the fact that he was only 14 years old and had no driver's license, and despite the fact that he had not read any instructions on how to drive the mower on a public road or how to drive and use it safely, clearly come within the second or third types of situations recognized in *National Dairy* as providing a basis for parental liability.[1]

The second and third situations set forth in *National Dairy* specifically recognize a cause of action for parental negligence in those situations in which a parent has entrusted to a child either: (1) an instrument which because of its nature is so dangerous that it creates an unreasonable risk to others in the hands of a child, or (2) an instrument which is likely to be dangerous because of the known propensities of the child. The Riggs, however, suggest that these negligent entrustment exceptions to the rule of parental non-liability do not apply here because there is nothing inher-

ently dangerous in permitting a 14 year old child to drive a riding lawn mower and nothing suggested to them that Daniel would use the mower in a dangerous way. They argue that many 14 year old children cut lawns with riding mowers. Thus, they assert,. because there was no evidence Daniel had shown a propensity for running over other children with lawn mowers, there was nothing negligent in their action of entrusting the riding lawn mower to Daniel.

Assuming the Riggs are correct in arguing that a riding lawn mower is not inherently dangerous when being used by a 14 year old to cut lawns, with proper instruction, here the mower was being operated as a motorized vehicle on a public road by a 14 year old child without a license. A trier of fact might find that, while a child could safely operate such a mower to mow lawns with proper instruction or supervision, he could not be expected to do so on a public road without creating an unreasonable risk to pedestrians or other vehicles that could be anticipated to be present on a road, as opposed to on a lawn. Moreover, it is against the law for a child under the age of 16 to operate any motor vehicle, except a motorized bicycle, on a public highway or road.[2] Even if an instrument is not inherently dangerous, the dangerous instrumentality exception

---

1. Because the Stongers have not pleaded a claim that Daniel was acting as his father's agent or servant in cutting the church lawn, we do not address the applicability of the first exception set out in *National Dairy. But see Murphy v. Loeffler*, 327 Mo. 1244, 39 S.W.2d 550 (1931); *Giese v. Montgomery Ward, Inc.*, 111 Wis.2d 392, 331 N.W.2d 585 (1983) (parent vicariously liable for the negligence of the minor child driver because the child was acting as the servant of the parent when he was operating the mower owned by the parent and performing the task of mowing the lawn at the parent's express direction); *Herrin v. Lamar*, 106 Ga.App. 91, 126 S.E.2d 454 (1962) (issue was for jury whether parents who were present and instructed daughter to mow lawn were potentially liable for injuries caused by daughter in running over a child with the mower); *Johnston v. Orlando*, 131 Cal.App.2d 705, 281 P.2d 357 (1955) (father could be held responsible for the negligence

of his son if he directed or encouraged the act, ratified it by accepting its benefits, or if the son acted as the agent or servant of the father).

2. Under Section 302.250 RSMo 1994, children under the age of 16 are forbidden from operating a motor vehicle upon any highway. Chapter 302 defines a motor vehicle as "any self-propelled vehicle not operated exclusively upon tracks except motorized bicycles." Sec. 302.010(9) RSMo Cum.Supp.1996. Chapter 302 defines a highway as "any public thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways, or alleys in any municipality." Sec. 302.010(6) RSMo Cum.Supp.1996. Therefore, when Daniel, only 14 years of age, and unlicensed, drove the self-propelled mower on the public road to the church, he was violating the laws of this State.

applies in those situations in which a parent entrusts to a child an instrumentality *capable of becoming a source of danger to others when the law prohibits the entrusting of the instrumentality to the child, see Moore v. Watson,* 554 S.W.2d 537 (Mo. App. E.D.1977), or if the parent knows that the child is likely to put it to a *dangerous use.*

For example, *Dinger v. Burnham,* 360 Mo. 465, 228 S.W.2d 696 (1950), recognized a negligence claim against a parent for injuries resulting from an automobile accident caused by her unlicensed 15 year old child. The court stated that, although a motor vehicle is not a dangerous instrumentality per se, it becomes a dangerous instrument when it is entrusted to an immature, incompetent or reckless minor. Because our laws declare that a child under 16 years of age does not possess the requisite care and judgment to operate a motor vehicle on the public highways, the court reasoned that the parent had breached her duty to protect the public when she permitted her child to operate the vehicle on the public roads. *Id. See also Moore v. Watson,* 554 S.W.2d at 539 (valid claim plead for negligence against parents for entrusting vehicle to their unlicensed 17 year old child because, since child was unlicensed, it was likely that the vehicle would be put to a dangerous use).

Missouri courts also recognized a claim for negligent entrustment, under facts similar to the present case, in *Rogger v. Voyles,* 797 S.W.2d 844 (Mo.App. S.D. 1990). In *Rogger,* grandparents were held liable for the injuries which resulted to their 13 year old granddaughter when they permitted her to drive a motor vehicle unsupervised. The court found that the grandparents had a duty to exercise reasonable care in supervising their granddaughter, and that it was foreseeable that a minor who has never operated a full-size motor vehicle, and does so without direction or supervision, might lose control of the vehicle and suffer serious injuries. Because the evidence showed that the grandparents did not give the granddaughter sufficient direction as to how to properly operate the vehicle or warn her of its dangers, and because the grandparents simply permitted the granddaughter to operate the vehicle alone, the court found there was sufficient evidence for the trier of fact to find the grandparents negligent.[3]

Here, as in *Dinger, Moore* and *Rogger,* the Riggs entrusted to their unlicensed 14 year old son Daniel a self-propelled, motorized riding lawn mower and permitted him to drive the mower unsupervised and without instruction on a public road. Assuming a motorized, self-propelled riding lawn mower may not be a dangerous instrumentality in the hands of a 14 year old child when used to cut a lawn, under these circumstances a jury could find that the Riggs were negligent in permitting their son to drive the lawn mower unsupervised

**3.** Other jurisdictions have also recognized negligent entrustment claims arising under similar situations where parents have entrusted motorized vehicles to their minor, unlicensed children. For example, in *Hill v. Morrison,* 160 Ga.App. 151, 286 S.E.2d 467 (1981), the parents of a minor child injured in a go-cart accident brought an action against the parents of the child who owned the go-cart. The court reversed summary judgment entered against the plaintiffs, finding that a material issue of fact existed as to whether or not the defendant parents' instructions to their child to not let third persons use the go-cart without permission were sufficient to relieve them of their responsibility to protect third persons from harm resulting from entrusting their child with a dangerous instrumentality. Similarly, in *Nolechek v. Gesuale,* 46 N.Y.2d 332, 413 N.Y.S.2d 340, 385 N.E.2d 1268 (1978), the parent entrusted his unlicensed 16 year old, who was blind in one eye, with a motorcycle. The court concluded that "there is a duty by a parent to protect third parties from harm resulting from an infant child's improvident use of a dangerous instrument, at least, and perhaps especially, when the parent is aware of and capable of controlling its use." *Id.* at 345. The court held that the father could be held liable to third parties for his own negligence in entrusting the motorcycle to his son. *See also Guldy v. Ford Motor Co.,* 99 A.D.2d 625, 472 N.Y.S.2d 180 (1984) (father held liable for negligence in entrusting farm machinery to his ten year old son where the machinery was dangerous and instructions given by father in relation thereto were insufficient ).

on a public road in that such conduct created an unreasonable risk to others, or that the parent should have known that a child of that age was likely to put the mower to a dangerous use in light of the lack of maturity which could be expected to be shown by a boy of that age, particularly in light of his lack of instruction on operation of the mower. The only evidence in the record of precautions taken by the Riggs to acknowledge this dangerous situation is that Mrs. Riggs followed behind Daniel on the road for some portion of the distance to the church. Mrs. Riggs, however, went ahead to the church and left Daniel unsupervised to drive the remainder of the distance to the church alone. In this circumstance, whether these or other precautions taken by the Riggs were sufficient to relieve them from responsibility would be an issue for the trier of fact.

For these reasons, we reverse the grant of summary judgment as to the Stongers' claims against the Riggs, and remand for further proceedings consistent with this opinion.

Judges ROGERT G. ULRICH and JAMES M. SMART, Jr. concur.