■ LELAND J. FAERY, Respondent, v CITY OF LOCKPORT, Appellant. [894 NYS2d 618]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered July 6, 2009 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained at a wastewater treatment plant when, during the course of his work as a laborer, he placed his arm and hand into the engine compartment of a skid steer. Defendant was the owner of the treatment plant and, at the time of the accident, plaintiff was employed by a construction company with whom defendant had contracted to remove a portion of the roof at the

plant. We conclude that Supreme Court erred in denying that part of defendant's motion for summary judgment dismissing the common-law negligence claim, and thus should have granted the motion in its entirety, thereby dismissing the complaint. "A finding of negligence may be based only upon the breach of a duty. If, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail" (*Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]) and, here, defendant established as a matter of law that it owed no duty to plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, there is " 'no duty to warn against a condition that can be readily observed by a reasonable use of one's senses' " (*Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1020 [1994], *lv dismissed* 84 NY2d 923 [1994]; *see Breem v Long Is. Light. Co.*, 256 AD2d 294 [1998], *lv denied* 93 NY2d 802 [1999]). In any event, plaintiff, " 'based on his training [and] prior practice, . . . knew or should have known' " of the harm that could be caused by placing his arm and hand into the engine compartment of a skid steer (*Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1053 [2008]). Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.