■ KIMBERLY JOHNSON, Appellant, et al., Plaintiff, v FRANK CANTIE et al., Respondents. [905 NYS2d 384]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered May 12, 2009 in a personal injury action. The order granted the motions of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Kimberly Johnson (plaintiff) when she attempted to avoid being hit and kicked by the daughter of defendants Deborah Cantie and Frank Cantie. At the time of the incident, plaintiff was employed as a licensed occupational therapist by the West Seneca Central School District (WSCSD). The Canties' daughter is a severely autistic student who was attending school at Northwood Elementary (Northwood) in WSCSD pursuant to a cross-contract with the district in which she resided, defendant Iroquois Central School District (District). According to plaintiffs, the Canties and the District were negligent in failing to warn plaintiff of the violent behavior of the Canties' daughter, and the Canties were also negligent in failing to supervise their daughter in an adequate manner.

We conclude that Supreme Court properly granted the motions of the Canties and the District seeking summary judgment

dismissing the complaint. With respect to the claim for negligent supervision against the Canties, the Canties met their initial burden of establishing that they did not have the opportunity or the ability to control their daughter's behavior in the classroom, and plaintiff failed to raise a triable issue of fact in opposition to the Canties' motion (*see Davies v Incorporated Vil. of E. Rockaway*, 272 AD2d 503 [2000]; *Dawes v Ballard*, 133 AD2d 662 [1987]). At the time of the incident, the Canties had entrusted their daughter to the care and supervision of WSCSD in a classroom specifically designed for students with autism. The Canties were not present at the school when the incident occurred, and there is no evidence in the record that they, as opposed to plaintiff or the other professionals working with their daughter at Northwood, would have been able to restrain her or otherwise control her behavior (*see Dawes*, 133 AD2d at 662; *see also Miltz v Ohel, Inc.*, 165 Misc 2d 167, 169-170 [1995]).

Plaintiff contends that the Canties were negligent in placing their daughter at Northwood rather than a more restrictive setting. We reject that contention inasmuch as the record establishes that it was the District, not the Canties, that recommended that the Canties' daughter be transferred to Northwood, and WSCSD accepted her placement with full knowledge of her particular needs and behavioral difficulties. Moreover, a school district has the duty to evaluate and properly place students with disabilities (*see* Education Law § 4402 [1]), and it is obligated to provide special education "in the least restrictive environment" (8 NYCRR 200.6 [a] [1]). We further conclude that plaintiffs failed to plead a cause of action for negligent misrepresentation and thus they may not rely on that theory to defeat the Canties' motion (*see generally Yaeger v UCC Constructors*, 281 AD2d 990, 991 [2001]).

With respect to the claim for failure to warn of the aggressive tendencies of the Canties' daughter, it is well established that there is no duty to warn an individual about a condition of which he or she is actually aware or that may be readily observed by a reasonable use of his or her senses (*see Faery v City of Lockport*, 70 AD3d 1375 [2010]; *Baggott v Corcoran*, 48 AD3d 1182 [2008]; *Jones v W + M Automation, Inc.*, 31 AD3d 1099, 1101-1102 [2006], *lv denied* 8 NY3d 802 [2006]). The Canties and the District met their burden of establishing their entitlement to judgment as a matter of law by submitting the deposition testimony of plaintiff in which she admitted that, prior to the incident, she was aware that the Canties' daughter had a tendency to use physical contact to express herself (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562

[1980]). Indeed, plaintiff admitted that the behavior of the Canties' daughter on the date of the incident was the type of behavior that plaintiff expected from her and had observed on previous occasions. The bare assertion by plaintiff that she would have liked "more information" about the Canties' daughter from the Canties or the District was insufficient to defeat the motions for summary judgment (*see generally id.*). Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.