

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DESIREE RIDGELL, | ) | No. ED100402 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| MARK MCDERMOTT and KAREN MCDERMOTT, | ) | Honorable Colleen Dolan |
| | ) | |
| | ) | |
| Defendants/Respondents. | ) | Filed: April 15, 2014 |

## I. INTRODUCTION

Desiree Ridgell ("Plaintiff") appeals the judgment of the Circuit Court of St. Louis County granting Defendants Mark and Karen McDermott's motion to dismiss Counts II and III of Plaintiff's petition for failure to state a claim upon which relief could be granted. In her sole point on appeal, Plaintiff argues that the trial court erred in dismissing Counts II and III of her petition as she pleaded ultimate facts of each legal element of a cause of action against Mark and Karen McDermott for negligent failure to supervise and control their minor son. We reverse the trial court's judgment dismissing Counts II and III and remand the cause for further proceedings consistent with this opinion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a petition for damages against Mark and Karen McDermott ("parents") and their minor son, Connor. Count I of the petition alleged a personal injury claim against Conner McDermott. Under Counts II and III, Plaintiff alleged that parents negligently failed to supervise and control their son. The petition can be summarized as follows:

Plaintiff was employed by the Special School District of St. Louis County as a teacher's assistant at Southview School. Conner McDermott ("son") was a student in her classroom. On April 26, 2011, son wrestled Plaintiff to the floor and held her down. Co-workers came to Plaintiff's rescue and attempted to restrain son. As Plaintiff tried to get up off the floor, son kicked her in the head, causing her to fall backward and strike the back of her head on a desk.

Plaintiff alleges that prior to son's attack on April 26, 2011, parents were aware of similar violent acts committed by son at school upon Plaintiff and others. Plaintiff claims that on multiple occasions son punched, grabbed, tackled, kicked, and attempted to grab, tackle, and kick her. Plaintiff additionally contends that son acted as follows: kicked a school employee in the knee requiring treatment, surgery, and time off work; threw a scissors at a school employee, lacerating her neck and requiring stitches; kicked, hit, bit, grabbed, pulled hair, wrestled, and pinned employees to the floor; grabbed, pulled hair and attempted to pull students to the floor, causing the students to fear physical harm; physically injured school employees; and threatened Plaintiff and others with physical harm.

2

The petition maintains that parents failed to take the following preventative measures to control son: obtain, administer or permit others to administer medication to son that would have prevented or modified his violent behavior; obtain counseling, behavior modification training, or medical care − psychiatric, psychological or otherwise − that would have prevented son's violent acts; seek evaluation and treatment for son by admitting him to a hospital; heed the advice or recommendations of the school that would have prevented or minimized son's propensity to attack; and discipline son or temporarily remove him from school until he ceased committing violent acts.

Plaintiff claims that she has sustained numerous physical injuries as a direct and proximate result of son's April 26, 2011 attack. These injuries include, but are not limited to: post-concussion syndrome, migraines, concussion, concentration and memory disturbances, cognitive and memory deficits, and depression. Plaintiff also alleges that she has incurred significant medical expenses treating her injuries and will incur further expenses in the future for medical treatment.

Moreover, Plaintiff maintains that the son's conduct has caused her permanent restriction from working professionally with children as a teacher or teacher's assistant. She asserts that she has lost wages and will lose wages in the future. Plaintiff requests compensatory damages from parents for her past, present, and future medical expenses and lost wages.[1]

The trial court dismissed Counts II and III of the petition with prejudice, and stated that, pursuant to Rule 74.01(b), there was no just reason for delay and entered judgment. Plaintiff now appeals.

---

[1] Plaintiff also seeks compensatory and punitive damages from son under Count I.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a cause of action attacks the adequacy of the plaintiff's pleadings. *Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 463 (Mo. banc 2001). It assumes that all of the pleaded facts are true and liberally grants to the plaintiff all reasonable inferences therefrom. *Hess v. Chase Manhattan Bank, USA, N.A.,* 220 S.W.3d 758, 768 (Mo. banc 2007) (internal citations omitted). "'[T]he petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in [the] case.'" *Bosch,* 41 S.W.3d at 464. (quoting *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993)). The dismissal of a petition for failure to state a cause of action is reviewed *de novo. Hess,* 220 S.W.3d at 768.

### IV. DISCUSSION

In her sole point on appeal, Plaintiff argues that the trial court erred in dismissing Counts II and III of her petition alleging negligence against parents. Specifically, Plaintiff contends that dismissal of these Counts was improper as she pleaded ultimate facts of each legal element of a cause of action for negligent failure to supervise and control a minor child. We agree.

To successfully assert a claim for negligent supervision, a plaintiff must plead the following: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property. *Davis v. Lutheran S. High School Ass'n of St. Louis,* 200

S.W.3d 163, 165-66 (Mo. App. E.D. 2006) (citing *Hoover's Dairy, Inc. v. Mid–Am. Dairymen, Inc.,* 700 S.W.2d 426, 431 (Mo. banc 1985)).

The duty to supervise is narrow, requiring the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care. *Hockensmith v. Brown*, 929 S.W.2d 840, 847 (Mo. App. W.D. 1996). "Acceptance of the custody and control of a minor child creates a relationship sufficient to support a duty of care." *A.R.H. v. W.H.S.,* 876 S.W.2d 687, 691 (Mo. App. E.D. 1994). However, it is well-settled in Missouri that, unless altered by statute, parents are not liable in damages for the torts of their minor children merely because of their status as parents. *Stonger ex rel. Stonger v. Riggs*, 21 S.W.3d 18, 21 (Mo. App. W.D. 2000). Nevertheless, an *exception* to this rule of liability exists where "parents have knowledge of their child's dangerous propensities, but nonetheless fail to act reasonably in attempting to restrain the child from injuring another." *Id.* (citing *Nat'l Dairy Prod. Corp. v. Freschi,* 393 S.W.2d 48, 54 (Mo. App. E.D. 1965)).[2]

Parents contend that this exception is inapplicable because the *school* had supervision and control over their son at the time of the incident, whereas they were not present and lacked control. In their motion to dismiss, parents maintained that Plaintiff

---

[2] Missouri law holds parents liable for the torts of their minor child in four additional circumstances in addition to the exception noted above. *Nat'l Dairy*, 393 S.W.2d at 54. However, in Plaintiff's petition and on appeal, she limits her argument that liability should be imposed on parents to the fourth exception − failure to restrain the child from vicious conduct where parent knows of the child's propensity for similar acts. We need not reach these additional bases of liability as we find the pleadings are sufficient to state a cause of action under the fourth exception.

did not plead sufficient facts supporting the allegation that they owed Plaintiff a duty with respect to their son, or that breach of that duty caused Plaintiff's damages.[3]

We disagree with parents' contention that sufficient facts were not pleaded to support Counts II and III of the petition. Under Missouri law, parents have a duty to exercise ordinary care in their supervision of son. To impose liability for son's tortious acts under the exception relied on by Plaintiff, parents must have had *knowledge* of their son's dangerous propensities. *See Nat'l Dairy*, 393 S.W.2d at 54; *Stonger*, 21 S.W.3d at 21.

Here, Plaintiff has offered sufficient allegations of prior violent attacks by son on Plaintiff, school employees and students to enable parents to recognize a potentially dangerous condition. Plaintiff claims that on multiple occasions previous to April 26, 2011, son punched, grabbed, tackled, kicked, and attempted to grab, tackle, and kick her. Plaintiff additionally contends that son acted as follows: kicked a school employee in the knee requiring treatment, surgery, and time off work; threw a scissors at a school employee, lacerating her neck and requiring stitches; kicked, hit, bit, grabbed, pulled hair, wrestled, and pinned employees to the floor; grabbed, pulled hair and attempted to pull students to the floor, causing the students to fear physical harm; physically injured school employees; and threatened Plaintiff and others with physical harm.

---

[3] In its order, the trial court did not specify its reasons for dismissing Counts II and III. When the trial court fails to state the grounds for dismissal, this court presumes that the "dismissal was based upon the grounds raised in defendant's motion to dismiss and will affirm if any such grounds can sustain the trial court's dismissal." *Vestin Realty Mortg. I, Inc. v. Pickwick Partners, L.L.C.*, 279 S.W.3d 536, 538 (Mo. App. W.D. 2009).

Because the petition supports an inference that parents could reasonably foresee that an injury like Plaintiff's might occur, our analysis turns to whether the petition contained adequate allegations of conduct constituting breach. *See Hockensmith*, 929 S.W.2d at 847. In Missouri, liability may be imposed when parents "fail to act reasonably in attempting to restrain the child from injuring another." *Stonger*, 21 S.W.3d at 21. Although Missouri courts have not yet defined the scope of a parent's duty to supervise and restrain *in the context of a school setting*, it may well be that there are reasonable acts of "restraint" that do not involve physical control, but still fall within the area of a parent's supervision.[4]

To establish the element of breach, Plaintiff alleges numerous examples of parents' failure to take preventative steps to control son's violent propensities. The petition maintains that parents failed to do the following: obtain, administer or permit others to administer medication to son that would have prevented or modified his violent behavior; obtain counseling, behavior modification training, or medical care − psychiatric, psychological or otherwise − that would have prevented son's violent acts; seek evaluation and treatment for son by admitting him to a hospital; heed the advice or recommendations of the school that would have prevented or minimized son's propensity to attack; and discipline son or temporarily remove him from school until he ceased

---

[4] Nevertheless, we do acknowledge that a school setting is different as the school and its teachers have a duty themselves to supervise the students under their custody and control. *See Davis v. Lutheran S. High School Ass'n of St. Louis*, 200 S.W.3d 163, 165 (Mo. App. E.D. 2006). Depending on the *specific facts and circumstances* of the claim, the school's acceptance of custody and control of the student may impact a determination of the scope of the parents' duty or the conduct that constitutes breach. Here, we are limited to the bare allegations of the petition, which prevent us from making such a determination.

committing violent acts. While we cannot say whether any of these allegations will prevail on the merits, they are adequate to survive a motion to dismiss.

Therefore, although their son was not physically within their control at the time of the incident, we find that Plaintiff has alleged facts that *may be found* to fall within the area of parents' "supervision" as breach of their duty to reasonably control and restrain their son from injuring another.[5] Thus, at this early stage, viewing the allegations generously and all favorable inferences therefrom, we cannot say that Plaintiff's petition fails to state a claim upon which relief may be granted. *See Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo. App. E.D. 1990) ("a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief").

## V. CONCLUSION

We hold that the petition pleads facts sufficient to state a cause of action for negligent supervision. We reverse the judgment of the trial court dismissing Counts II and III and remand the cause for further proceedings consistent with this opinion.

---

[5] Other jurisdictions have addressed the scope of "restraint" in cases involving a parental duty to supervise and control a minor child in the context of a school setting. *See Nieuwendorp v. Am. Family Ins. Co.,* 191 Wis.2d 462, 474-75 (Wis. 1995) (Parents' unilateral decision to take son off medication did not constitute negligence, however, parents did fail to take reasonable steps to control child's behavior resulting in injury to his teacher as they did not inform themselves of consequences of discontinuing child's medication or about alternative forms of treatment, nor did they notify the school of their decision so that a joint plan to manage child's behavior could be developed). *Compare Johnson v. Cantie*, 905 N.Y.S.2d 384, 385-86 (N.Y. App. Div. 2010) (Granting parents' motion for summary judgment − as to injured school employee's claim that parents negligently supervised daughter and failed to place her in a more restrictive school setting − based on evidence that: parents were not present when daughter injured employee, did not have the opportunity to control her behavior, and school accepted her placement with full knowledge of her needs and behavioral difficulties).

_____
Angela T. Quigless, Judge

Mary K. Hoff, P.J., and
Kurt S. Odenwald, J., Concurs.